THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JACK ROBINSON, Respondent.

Second Department, May 3, 1971.

*George J. Aspland, District Attorney (John M. Lockwood* of counsel), for appellant.

*Siben & Siben (Arthur L. Keesler, Jr.,* of counsel), for respondent.

SHAPIRO, J.  This is an appeal by the People pursuant to section 518 of the Code of Criminal Procedure from an order of the County Court, Suffolk County, which granted the defendant's motion to suppress a loaded revolver as evidence, after a hearing.  The indictment charges the defendant with possession of the revolver in violation of subdivision 2 of section 265.05 of the Penal Law; and the People have certified that without the use of the weapon as evidence there is insufficient proof as a matter of law to sustain the charge against the defendant (Code Crim. Pro., § 518-a).

A county patrolman pursued the defendant's automobile in the early hours of May 6, 1969 because of its loud muffler. In response to the officer's request the defendant produced a driver's license and a registration certificate which showed ownership in another.  The number of the license plates listed on the registration certificate differed from the number of the

plates on the car. A radio check from the scene revealed that the tab on the rear plate had been stolen and that the license plates themselves had expired. The defendant was thereupon arrested at about 2:05 A.M. on a charge of possession of stolen property, i.e., the tab. He was also issued summonses for operating an uninspected, unregistered and uninsured vehicle and for operating a vehicle with an inadequate muffler and improper plates. The defendant was permitted to drive the vehicle to the police station as two police officers followed in their vehicle.

At the station house the automobile was impounded because it was unregistered, uninsured and uninspected. At 3:20 A.M. a so-called "inventory search" of the vehicle was made, in the course of which the loaded revolver, which is the subject of the indictment, was found in the trunk.

The testimony at the hearing indicated that the examination of the automobile was conducted pursuant to a police regulation, the purpose of which was to inventory and preserve the property in the vehicle, and that in conducting the examination there was no intention to search for evidence of a crime.

The issue before us is whether the warrantless "search" of the defendant's vehicle was a reasonable one (cf. *Carroll* v. *United States,* 267 U. S. 132). As it was remote in time and place from the defendant's arrest, it cannot be validated as a search incidental to a lawful arrest (cf. *Preston* v. *United States,* 376 U. S. 364; *Chimel* v. *California,* 395 U. S. 752); nor may it be sustained on the theory that there was probable cause to make a search (cf. *Chambers* v. *Maroney,* 399 U. S. 42), since the police had no reason to believe they would find any contraband in the vehicle.

In *Cooper* v. *California* (386 U. S. 58) a warrantless search of an automobile, made pursuant to State statute which subjected the vehicle to forfeiture when it was used for transporting narcotics, was upheld. Though distinguishable on its facts because of the finding that there was probable cause for the search, the court noted that, in certain cases, "the reason for and nature of the [police] custody may constitutionally justify the search" (p. 61) and that "it would be unreasonable to hold that the police, having to retain the car in their custody for such a length of time, had no right, even for their own protection, to search it" (pp. 61–62).

In *Harris* v. *United States* (390 U. S. 234), decided subsequent to *Preston* v. *United States* (*supra*), an automobile registration card of a robbery victim was discovered by a police

officer who was in the process of rolling up the vehicle's window. The officer had previously searched the car pursuant to a police regulation requiring the search of impounded vehicles. In upholding the admissibility of the registration card, the Supreme Court noted that the case before it did not present the issue of the admissibility of evidence obtained through an inventory search. It said, " The admissibility of evidence found as a result of a search under the police regulation is not presented by this case " (*Harris* v. *United States, supra,* p. 236). By its quoted statement the court clearly left open the question of the validity of such inventory searches (cf. *Chambers* v. *Maroney,* 399 U. S. 42, 49-50, n. 7, *supra*).

Of course, the existence or nonexistence of a police regulation cannot be used as a predicate for determining the issue of the reasonableness of an " inventory search " of a vehicle (cf. *Cooper* v. *California,* 386 U. S. 58, 61, *supra*), but in deciding the question we should not reach out to stamp as unconstitutional a procedure which bears every indication of reasonableness. The " search " of a vehicle *which has been lawfully impounded* for the purpose of inventorying its contents is calculated to safeguard them for the benefit of their rightful owner as well as to protect the police against possible dishonest claims of misappropriation of the vehicle's contents; and there would seem to be no valid reason for extending the constitutional limitation against " unreasonable " searches to a fact pattern where the " search " is not made in defiance of constitutional standards to obtain incriminating evidence but rather in furtherance of a wholly reasonable and legitimate purpose (*People* v. *Andrews,* 6 Cal. App. 3d 428; *Cooper* v. *California, supra*; *State* v. *Wallen,* 185 Neb. 44; *People* v. *Marchese,* 275 Cal. App. 2d 1007).

The facts here support, if they do not compel, a finding that the " search " of the defendant's vehicle was made solely for the purpose of compiling an inventory of its contents and that it was not, nor was it intended to be, an exploratory search for evidence. The conclusion here enunciated that items of evidence found in searches of vehicles, lawfully in police custody, when such searches are not made for the purpose of seeking evidence of crime, may not be suppressed is becoming the increasingly accepted view (see, e.g., *Heffley* v. *State,* 83 Nev. 100; [cf. *Heffley* v. *Hocker,* 420 F. 2d 881, vacated and remanded *sub nom. Hocker* v. *Heffley,* 399 U. S. 521]; *St. Clair* v. *State,* 1 Md. App. 605; *State* v. *Montague,* 73 Wn. 2d 381; *Godbee* v. *State,* 224 So. 2d 441 [Fla.]; *People* v. *Simpson,* 170 Cal. App.

2d 524; *State* v. *Wade,* 190 Kan. 624; *People* v. *Andrews, supra; State* v. *Wallen, supra*).

In *Heffley* v. *State* (*supra,* p. 103) the court concisely stated the reason for upholding a seizure of articles in such cases. It said: "The police officer, when there is just cause, has a duty not only to impound a car from the public highway for its own protection, but also to inventory the contents so that they may be safeguarded for the owner. Such practice is deemed necessary to defeat dishonest claims of theft of the car's contents and to protect the temporary storage bailee against false charges."

In *People* v. *Andrews* (6 Cal. App. 3d 428, 433, *supra*) the court said: "upon police impoundment of an automobile, the police undoubtedly become ' an involuntary bailee of the property and responsible for the vehicle and its contents ' * * *. Having such a responsibility it has now been widely recognized that police may properly inventory the contents of cars rightfully in their custody. Such an inventory protects the owner of the vehicle from theft or other loss of its contents; it also protects the police or garage custodian from unfounded claims of loss of property."

In *United States* v. *Fuller* (277 F. Supp. 97, affd. *sub nom. Fuller* v. *United States,* 433 F. 2d 533) the taking of an inventory pursuant to a police regulation similar to the one before us was upheld and the denial of suppression was sustained, the court saying (p. 99–100): "The vehicle had been impounded, and it was impossible at the time to be sure of how long it would remain in the custody of the Metropolitan Police. * * * The practice of protecting whatever valuables may be found in an automobile by keeping them in an envelope inside the precinct is not only not unreasonable, but is also in the public interest where it is not utilized as a substitute for a search without a warrant. It is not unusual for items to disappear from parked vehicles in this jurisdiction, in spite of well lit parking lots and locked doors. In Harris v. United States * * * incriminating evidence was discovered by an officer as he opened a door to roll up a window in the process of securing an impounded vehicle. Here, as there, the item was not found in the glove compartment, or trunk of the vehicle. Here, as there, the item seized was in open view, and proved upon closer examination to be of a suspicious nature. Here, as there, there is no indication that a search for evidence of crime was being made. The Fourth Amendment does not pro-

scribe *all* searches, but only those which are unreasonable '' (emphasis in original).

In cases such as *People* v. *Lewis* (26 N Y 2d 547) no claim of an ''inventory search'' was made. The search there was clearly one for evidence and in addition there was no basis for impounding of the vehicle. Here, however, the defendant's vehicle was unregistered, uninspected and uninsured and bore a stolen tab on its rear license plate, and the police would have been remiss in their duty if they did not impound the vehicle and remove it from the public highway.

In *People* v. *Granese* (32 A D 2d 568) the arresting officer searched the defendant's vehicle which was then parked in front of a police station. The search was virtually contemporaneous with the booking of the defendant at the station. Under such circumstances, the rejection by this court of the fruits of the search cannot be taken as anything more than a finding that the search was made for exploratory purposes.

In speaking of the prohibition contained in the Fourth Amendment to the Constitution of the United States, the Supreme Court in *Camara* v. *Municipal Ct.* (387 U. S. 523, 528) said: ''The basic purpose of this Amendment, as recognized in countless decisions of this Court, is to safeguard the privacy and security of individuals against *arbitrary* invasions by government officials '' (emphasis supplied).

There is no contention here that the examination of the vehicle by the police was made in bad faith or as a ''fishing expedition '' to seek incriminating evidence.

Under the circumstances, therefore, and in the absence of any countervailing appellate authority in this State (but see *People* v. *Sullivan*, 57 Misc 2d 208, affd. 35 A D 2d 690), I hold that the examination of the defendant's vehicle was not a search for contraband or other evidence of crime but a justifiable routine examination to safeguard its contents and to protect the police department against the possibility of fraudulent claims. Truly, therefore, it was not a '' search '' in the accepted legal sense but an inventory examination reasonably and properly conducted. What was found on such an examination did not violate the defendant's constitutional privilege against unreasonable search and seizure and should therefore not have been suppressed. The order of suppression should be reversed, on the law and the facts, and the defendant's motion denied.

GULOTTA and BRENNAN, JJ. (dissenting). We are of the opinion that the cases of *Preston* v. *United States* (376 U. S. 364); *People* v. *Lewis* (26 N Y 2d 547); *People* v. *Granese*

380

(32 A D 2d 568) ; and *People* v. *Sullivan* (57 Misc 2d 208, affd. 35 A D 2d 690) are controlling. Under the circumstances appearing in the record before us we cannot give judicial approval to a search for evidence or contraband conducted under the guise of " inventorying " the contents of the automobile after the arrest when the accused is in the police station and the automobile under police control. We therefore dissent and vote to affirm the order.

LATHAM, Acting P. J., and BENJAMIN, J., concur with SHAPIRO, J.; GULOTTA and BRENNAN, JJ., dissent and vote to affirm the order, with a memorandum.

Order reversed, on the law and the facts, and motion denied.