**Mack SEABOURN, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–17196.**

Court of Criminal Appeals of Oklahoma.

Jan. 18, 1972.

Burl A. Peveto, Jr., Gary Payne, Atoka, for plaintiff in error.

Jack E. McGahey, Dist. Atty., Reid K. Mayfield, Asst. Dist. Atty., Atoka, for defendant in error.

## OPINION

SIMMS, Judge:

This is an appeal from the denial of post conviction relief in the District Court of Atoka County, Oklahoma, Case No. CRF–71–79, wherein the trial court, after having imposed judgment and sentence on December 14, 1971, denied said application in an order entered January 4, 1972.

■ No evidence was offered by the plaintiff in error, hereinafter referred to as the defendant, in support of his application for post conviction relief before the trial court. Consequently, the trial court was unable to make findings of fact and conclusions of law with regard to the application in accordance with the Post-Conviction Procedure Act. In its discretion, the trial court entered an order overruling said application, and properly so, both in the view of this Court and the counsel for the defendant, who so stated in oral argument before this Court on January 12, 1972.

This Court need only look to the testimony of the defendant, and the record offered in this case at the time of oral argument. Seabourn testified and the Original Record reflects that on December 14, 1971, Seabourn, represented by counsel, appeared before District Judge Lavern Fishel for imposition of sentence, the same being one year for the crime of Shooting with Intent to Injure.

The record and testimony further reflect the following:

The defendant was fully advised of his right to appeal the judgment and sentence, and at his request, was granted ten (10) days in which to determine whether or not an appeal would be taken. The consequences of allowing the ten days to elapse were explained and an appeal bond fixed. A Motion for New Trial was filed and overruled on December 14, 1971, and a Motion for Suspended Sentence on December 16, 1971.

The record reflects that at no time prior to December 24, 1971, the date on which the ten days expired, was notice of intention to appeal or designation of record filed as required by law.

■ This Court directs the attention of the defendant to the Appendix of Chapter 18, 22 O.S., which contains the rules of this Court, and more specifically, to Paragraph A of Rule 2.7, styled "Ten Day Requirement":

"Within ten (10) days from the date of judgment and sentence the defendant must file with the trial court, or court clerk thereof, his 'Notice of Intent to Appeal,' and 'Designation of Record' for perfecting his appeal. One (1) copy of the designation of record must be served on the District Attorney, and one copy must be served on the court reporter at the time of filing, or immediately thereafter."

This rule is jurisdictional as it now exists and cannot be waived.

The failure of the defendant to comply with the above rule, coupled with the evidence adduced before this Court, is fatal to

this appeal, and for the reasons herein stated, the trial court's denial of post conviction relief is affirmed; however, the defendant is advised that such affirmance is without prejudice to his right to seek other and additional post conviction relief under 22 O.S., § 1080.

In view of the above and foregoing, the order entered in this cause on January 5, 1972, staying the execution of the judgment and sentence, is hereby and the same is vacated and the defendant is ordered remanded to the custody of the Atoka County Sheriff for execution of such judgment and sentence.

BUSSEY, P. J., and BRETT, J., concur.