**Eugene Allen GRIFFIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17079.**

Court of Criminal Appeals of Oklahoma.

April 26, 1972.

Doyle C. Scott, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

SIMMS, Judge:

The Appellant, Eugene Allen Griffin, charged by information in the District Court of Oklahoma County, Oklahoma, with the offense of Grand Larceny, in Case Number CRF–69–2875, entered a plea of guilty and was found guilty of that offense on the 9th day of September, 1970, at which time his sentencing was deferred for a period of one year. Thereafter, during the period of deferred sentencing, an application to accelerate the sentencing date for the deferred sentence was filed on the 19th day of April, 1971, alleging that the Appellant had been tried and convicted by a jury on April 7, 1971, on a charge of Uttering a Forged Instrument in Case Number CRF–71–327.

Thereafter, on the 7th day of May, 1971, a hearing was had on the application at which point the court found, in fact, that he had been convicted, and accelerated the sentencing date, imposing a term of four (4) years in the state penitentiary in the instant case. From that judgment and sentence, the Appellant appeals.

This cause was filed November 8, 1971, however, since no brief was filed within the time provided by law and no extension of time was sought, this case was summarily submitted by the Presiding Judge in accordance with the Rules of this Court, for consideration on the record to determine whether or not there was any prejudicial or fundamental error contained therein.

This Court has carefully examined the original record and the transcript of evidence in this case in connection with Appellant's petition in error and finds no prejudicial or fundamental error contained therein, which was not waived by the Appellant. We note in the transcript that the Appellant complained of error in the trial of the "Uttering" case, Case Number CRF–71–327, Oklahoma County, Oklahoma, which formed the basis of the application to accelerate sentencing. We feel that proposition is without merit inasmuch as we affirmed that particular conviction and its accompanying three year sentence in Griffin v. State, Okl.Cr., 490 P.2d 1387 (1971). Notwithstanding the lack of prejudicial or fundamental error in the record, we also note that Appellant is not properly before this Court with this appeal inasmuch as the judgment and sentence in the instant case is dated May 7, 1971; and Appellant's notice of intention to appeal and designation of record were not filed until July 16, 1971, nearly two months out of time. This

Court has previously held that the ten day rule with regard to the filing of the notice of intention to appeal and designation of record is jurisdictional and cannot be waived. Seabourn v. State, Okl.Cr., 493 P.2d 459 (1972).

In consideration of the foregoing, the judgment and sentence is accordingly affirmed.

BUSSEY, P. J., and BRETT, J., concur.