500 P.2d 1314

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Albert SAIZ, Defendant-Appellant.**

**No. 933.**

Court of Appeals of New Mexico.

Aug. 25, 1972.

**192**

Joseph P. Paone, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

### OPINION

COWAN, Judge.

The defendant appeals from the judgment and sentence following his conviction of attempted robbery, contrary to §§ 40A–28–1 and 40A–16–2, N.M.S.A.1953 (Repl. Vol. 6).

We affirm.

On April 20, 1971, at approximately 10:00 p. m., the defendant approached a parking lot attendant in Albuquerque, one J. B. Sanchez, with a rope and water pistol and

said: "Holdup, I want to tie your hands so you give me the money." The defendant tried to grab Sanchez' hands but Sanchez grabbed the defendant's hands first and held him until the police, called by witnesses, arrived at the scene, disarmed the defendant and placed him under arrest.

■ Defendant first asserts that the court erred in refusing to instruct the jury on the lesser included offense of assault. We reject this argument. While lesser offenses necessarily may be included, it is only where there is some evidence tending to reduce the offense charged to a lesser degree or grade that a refusal to instruct as to included offenses is error. State v. Duran, 80 N.M. 406, 456 P.2d 880 (Ct. App.1969); State v. Sandoval, 59 N.M. 85, 279 P.2d 850 (1955).

■ The appellant's sole defense was that he was too intoxicated to form the requisite criminal intent for conviction of the offense charged. If, in fact, he was in this condition, he would have been innocent of both attempted robbery and assault. A successful defense of intoxication would not have reduced the offense charged to a lesser one. If, on the other hand, he was not so intoxicated, then he was guilty of attempted robbery. The proof goes to the higher offense and the evidence would not justify any other verdict except a conviction of the crime charged or an acquittal. State v. Sandoval, supra.

■ The defendant next urges that the trial court erred in denying his motion for a verdict of acquittal at the end of the trial, arguing that the state had failed to rebut his evidence of intoxication. The evidence was that the defendant did not appear to be intoxicated at the scene of the crime although he did at the police station after his arrest. An alcohol blood test taken at the station also indicated intoxication. Assuming a conflict on the question, it was presented to the jury who determined by their verdict that the defendant was not too intoxicated to form the necessary intent at the time the crime was committed. There was substantial evidence to

support the verdict. See State v. Polsky, 82 N.M. 393, 482 P.2d 257 (Ct.App.1971).

 Finally, the defendant asserts error in the court's giving instruction No. 6 as follows:

> "You are instructed that voluntary drunkenness is no excuse or justification for crime, and in this case, notwithstanding you may believe from the evidence that at the time of the commission of the acts charged against him, the defendant was intoxicated, you are instructed that this will not constitute any defense for him and you will not acquit him on that ground."

His claim is that, when taken with instructions numbered 5 and 7, the jury would be confused and misled. Instruction No. 5 was:

> "You are instructed that our statutes presume a person to be intoxicated and under the influence of intoxicating liquor if his blood contains .10 percent or more by weight of alcohol."

Instruction No. 7 was:

> "If you find that the defendant was sufficiently intoxicated on the night and at the time of the alleged offense so he was not able to comprehend his actions and unable to form the required intent to commit a felony, then you must find the defendant not guilty of attempted robbery as charged."

Defendant's last contention is disposed of by State v. Lucero, 70 N.M. 268, 372 P.2d 837 (1962), where the Supreme Court said:

> "Appellant's defense was drunkenness, and he contends there can be no reconciliation of the instruction on lack of intent because of intoxication, and the instruction given which states that voluntary drunkenness is no excuse or justification for crime. There is no merit to this contention. Voluntary intoxication alone is not a defense to a charge of larceny. State v. Roybal, 66 N.M. 416, 349 P.2d 332. But if a defendant claims he was so intoxicated as to be unable to form the necessary intent, the question of intent is a matter for the jury. The jury was so instructed."

See also State v. Lujan, 82 N.M. 95, 476 P.2d 65 (Ct.App.1970).

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.