GREGORY SCOTT, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 6568

December 15, 1972                                    504 P.2d 10

*J. Rayner Kjeldsen,* of Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Having obtained reversal of his conviction of robbing the Zanzibar Motel in Reno, Scott v. State, 86 Nev. 145, 465 P.2d 620 (1970), appellant was again tried and convicted of the offense.

He appeals from the second conviction on several grounds, his principal argument being that the 18-month delay between his arrest and his first trial amounts to a denial of his constitutional right to a speedy trial. Appellant concedes we rejected that contention when his first conviction was reversed on other grounds, 86 Nev. at 150, 465 P.2d at 623. He also concedes that much of the delay was occasioned by his interim appeal from a denial of habeas relief. In view of the recent pronouncements of the High Court in Barker v. Wingo, 407 U.S. 514 (1972), his "speedy trial" contentions are totally devoid of merit. They do not rise to such proportions as to show a denial of constitutional rights. Scott v. Hocker, 460 F.2d 303 (9th Cir. 1972).

As a second alleged error he contends he was deprived of a fair trial because he was brought into court handcuffed and attired in prison garb. The handcuffs were removed in the courtroom. He was so attired only during the opening day of the trial; half of that day was taken up with voir dire proceedings. No objection was made until after the voir dire was completed, at which time the trial judge offered to allow appellant to camouflage the prison uniform. The offer was rejected by appellant's counsel. No attempt was made to adduce proof that appellant had requested the right to wear his own clothes. He failed to secure in the record of the voir dire examination any evidence of whether in fact the jury saw or realized the manner in which he was brought before the court. Conceding that appellant "had the right to be dressed in civilian garb . . . there was a failure to make timely protest of the denial of such right." People v. Shaw, 164 N.W.2d 7, 10 (Mich. 1969). The mode of dress may well have been a matter of trial strategy, and if so, appellant cannot deliberately create a condition for an advantage and, failing that, urge it as error.

Several recent cases have held that the nature of the clothing worn by a defendant at trial is not inherently prejudicial of his right to a fair and impartial trial. Seabourn v. State, 493 P.2d 459 (Okla.Crim.App. 1972); Xanthull v. Beto, 307 F.Supp. 903 (S.D. Tex. 1970); Thomas v. State, 451 S.W.2d 907 (Tex.Crim.App. 1970); McFalls v. Peyton, 270 F.Supp. 577 (W.D. Va. 1967), aff'd, 401 F.2d 890 (4th Cir. 1968). Cf. Watt v. Page, 452 F.2d 1174 (10th Cir. 1972). Under the

circumstances shown and the noted authorities, appellant was not deprived of a fair trial.

Appellant, serving another sentence, was transported from the state prison to the district court for trial. For the trip he was shackled and handcuffed. The shackles were removed before he was taken into court. We have previously upheld the right of an officer to use restraint on one charged with a felonious crime when he is being taken to or from the court. State v. McKay, 63 Nev. 118, 165 P.2d 389 (1946). There is no showing that the restraint used affected the fairness of the trial. Gregory v. United States, 365 F.2d 203 (8th Cir. 1966).

We have examined all other claims of error and find them to be without merit.

The judgment is affirmed.