509 P.2d 885

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Hank NEMROD, Defendant-Appellant.**

**No. 1008.**

Court of Appeals of New Mexico.
April 13, 1973.

Patrick S. Villella, Knight, Sullivan & Villella, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Harvey Fruman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant was convicted of possession of more than one ounce of marijuana. Sections 54–9–3 and 54–9–4, N.M.S.A.1953 (Repl.Vol.1962, pt. 2, Supp.1971).

Defendant contends, among other things, that his motion to suppress should have been granted. We agree. The issues of standing and unlawful search are dispositive of the appeal. We reverse and remand.

The record discloses the following on the motion to suppress. Defendant was stopped by State Police Officer Bibiano in a "routine driver's license and registration check." Defendant produced an expired driver's license and a car rental agreement in the name of Donald L. Williams. The officer and defendant then proceeded to the nearest telephone and called the manager of the car rental agency. Both the officer and defendant talked to the manager. Defendant attempted to convince the manager to release the car to him. This was not done because defendant had neither a valid driver's license nor permission from Donald L. Williams. The car rental manager requested the officer to impound the car. Defendant was not placed under arrest at this time but the officer stated that defendant was "* * * contained, since we could not obtain a judge, * * *."

The officer asked defendant to remove his belongings from the car. The defendant removed some luggage and loose clothing from the backseat of the car. The officer testified that he did not intend to search the defendant or anything which defendant claimed as his own. After the defendant had removed his belongings from the car, the officer, pursuant to standard police practice, proceeded to inventory the contents of the car. Defendant told the officer he did not have a key to the trunk of the car and that he had lost the key. Defendant also stated that there was nothing in the trunk. Defendant was

asked to look in his pockets for the trunk key. Defendant " * * * put his hand in his pocket and came out with a bunch of keys. * * * " The officer noticed one that " * * * looked like the keys that belonged to the car. * * * " The officer then asked defendant for the key and defendant gave it to him.

The officer opened the trunk of the car and saw two suitcases and a trunk (footlocker). The officer went on to testify:

" * * * I asked him who the suitcases belonged to, and he said that the suitcases belonged to Donald Williams. So I opened up the trunk and noticed some packages wrapped in blue cellophane which appeared to be marijuana. * * * "

Upon seeing and smelling what appeared to be marijuana the officer placed defendant under arrest and advised him of his constitutional rights. Defendant then admitted the trunk and the suitcases belonged to him.

The car was towed to a gas station. The officer obtained a search warrant based upon his affidavit that he " * * * opened said footlocker [trunk] for inventory purposes and observed several kilo bricks of suspected marijuana * * * " and " * * * also detected the strong odor of marijuana. * * * "

Defendant's position is that the taking of an inventory is in reality an unlawful search and as such was without probable cause, without consent, not pursuant to an arrest, and without a warrant at the time the officer first saw the marijuana. We agree.

## STANDING

The state contends defendant had no standing to raise the issue of an unlawful search and seizure. We disagree.

Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) stated:

" * * * [W]e relaxed [the] standing requirements in two alternative ways in

Jones v. United States, supra. [362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L. R.2d 233 (1960)]. First, we held that when, as in Jones, possession of the seized evidence is itself an essential element of the offense with which the defendant is charged, the Government is precluded from denying that the defendant has the requisite possessory interest to challenge the admission of the evidence. Second, we held alternatively that the defendant need have no possessory interest in the searched premises in order to have standing; it is sufficient that he be legitimately on those premises when the search occurs. * * * "

■ All that is necessary to give a defendant standing is "possession" of the seized evidence (marijuana) which is itself an essential element of the offense with which the defendant is charged. Defendant has met the test. Defendant had standing in the instant case.

In so holding we have not overlooked State v. Lucero, 70 N.M. 268, 372 P.2d 837 (1962). *Lucero* puts "standing" to challenge search and seizure upon one who claims " * * * ownership, legal custody and control of the automobile, or some proprietary right or interest therein. * * * " This principle, however, was overruled in Simmons v. United States, supra.

## UNLAWFUL SEARCH—"INVENTORY"

Although there are cases to the contrary (People v. Sullivan, 29 N.Y.2d 69, 323 N. Y.S.2d 945, 272 N.E.2d 464 (1971); State v. Keller, 497 P.2d 868 (Or.App.1972)); we are persuaded by the logic of Mozzetti v. Superior Court of Sacramento County, 4 Cal.3d 699, 94 Cal.Rptr. 412, 484 P.2d 84 (1971). See also Wright v. State, —— Nev. ——, 499 P.2d 1216 (1972); In re One 1965 Econoline, I.D. # E16JH702043, Ariz.L. EC–7887, 17 Ariz.App. 64, 495 P.2d 504 (1972).

We quote extensively from *Mozzetti* with approval:

"It seems undeniable that a routine police inventory of the contents of an automobile involves a substantial invasion into the privacy of the vehicle owner. Regardless of professed benevolent purposes and euphemistic explication, an inventory search involves a thorough exploration by the police into the private property of an individual. In that process suitcases, briefcases, sealed packages, purses—anything left open or closed within the vehicle—is subjected without limitation to the prying eyes of authorities. Merely because the police are not searching with the express purpose of finding evidence of crime, they are not exempt from the requirements of reasonableness set down in the Fourth Amendment. Constitutional rights may not be evaded through the route of finely honed but nonsubstantive distinctions.

"Purely and simply the police inventory conducted here was a police search. * * *

"The interests of a vehicle owner are said to be protected by police inventory because the procedure provides the owner with a detailed list of the articles taken into custody by the police, an itemization he can use in making valid claims for loss or damage against the police and the storage bailee. Also, the inventory brings to light articles of special value or of a perishable nature which might require unusual care by the police and the storage bailee.

"This contention is rebutted by recognition of the vehicle owner's countervailing interest in maintaining the privacy of his personal effects and preventing anyone, including the police, from searching suitcases, and other closed containers and areas in his automobile at the time the police lawfully remove it to storage. In weighing the necessity of the inventory search as protection of the owner's property against the owner's rights under the Fourth Amendment, we observe that items of value left in an automobile to be stored by the police may be adequately protected merely by rolling up the windows, locking the vehicle doors and returning the keys to the owner. The owner himself, if required to leave his car temporarily, could do no more to protect his property. In the instant case, because the automobile involved was a convertible, adequate protection of valuables could be achieved by raising the top or, if necessary, by moving visible items, like the small suitcase, into the trunk for safekeeping.

"We have no doubt that the police, in the course of such valid protective measures, may take note of any personal property in plain sight within the automobile being taken into custody. Any objects clearly visible without probing—including the suitcase in this instance—may be listed in an inventory or other police report. (See Harris v. United States (1968) . . ., 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067. [)] What concerns us here is the reasonableness of the search *into* the closed suitcase.

" * * *

"It is clear that mere legal custody of an automobile by the police does not create some new possessory right to justify the search of that vehicle. In Cooper v. California (1967) * * *, 386 U.S. 58, 61, 87 S.Ct. 788, 17 L.Ed.2d 730, the United States Supreme Court pointed out that ' "lawful custody of an automobile does not of itself dispense with constitutional requirements of searches thereafter made of it." ' The court indicated that 'the reason for and nature of the custody may constitutionally justify the search,' and it held that custody of an automobile held as evidence of crime and pending forfeiture was such custody. And in Chambers v. Maroney (1970) * * *, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, the Supreme Court validated a search of an automobile in lawful police custody only because there was

probable cause to believe it contained weapons and stolen money.

" \* \* \*

"It is undeniable that, under the facts before us, as in the inventory context generally, there could be no basis upon which a magistrate might issue a search warrant. The inventory by its nature, involves a random search of the articles left in an automobile taken into police custody; the police are looking for nothing in particular and everything in general. But this fact does not justify the search and establish its constitutionality. To the contrary, a random police search is the precise invasion of privacy which the Fourth Amendment was intended to prohibit. \* \* \*

"We conclude that there were no circumstances in the instant case to justify the search of the contents of petitioner's automobile without a warrant. The search was not incident to lawful arrest, based on probable cause to believe the vehicle contained contraband, or justified by the peculiar nature of the police custody involved. Nor were there exigent circumstances which made the search reasonable and necessary. \* \* \*"

█ Likewise in the present case the search (inventory) cannot be justified on consent, as incident to arrest, or pursuant to a search warrant, as based on probable cause or by any other reason.

In so holding we do not overlook our cases of State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970) and State v. Lewis, 80 N.M. 274, 454 P.2d 360 (Ct.App.1969). *Torres* was not a possessory crime and is therefore distinguished. In *Lewis* the precise "inventory" issue was not raised. However, any expression in *Lewis* which impliedly permits an "inventory" search is expressly overruled.

We reverse and remand for proceedings not inconsistent herewith.

It is so ordered.

SUTIN, J., concurs.

WOOD, Chief Judge (concurring in part and dissenting in part).

I agree with the majority opinion that defendant had standing to raise the search and seizure issue.

Two matters, preliminary to the search and seizure question, are not expressly covered in the majority opinion. They are: (1) the officer had lawful possession of the car and (2) there was a search in the constitutional sense.

Defendant argues there was no lawful possession. His position seems to be that the officer could not be in lawful possession of the car unless a statute authorized the possession or the officer's possession came about after a valid arrest. Here, the possession preceded the arrest. Admittedly, lawful possession can occur in both of the ways asserted by defendant but he cites no authority to the effect that those two ways are the only ways lawful possession can occur. In Godbee v. State, 224 So.2d 441 (Fla.App.1969) the car had been constructively abandoned.

Here, the facts are undisputed that the car rental agency from which the car had been obtained had asked the officer to impound the car because defendant's possession was contrary to the terms of the rental agreement and the car had been rented subject to the conditions of the rental agreement. There was no evidence at the motion hearing indicating defendant had any right to possess the car. The record presents no basis for holding the officer's possession unlawful; the only evidence infers a lawful possession. On the basis of the showing made, I would hold the officer's possession was lawful. The majority opinion does imply a lawful possession.

The State argues there was no "search." I agree, under the facts, that there was no "search" in the sense of an exploratory investigation. State v. Blackwell, 76 N.M. 445, 415 P.2d 563 (1966). The constitutional provision concerning unreasonable

searches is not limited to exploratory investigations; the constitutional provision pertains to "* * * all intrusions by agents of the public upon personal security. * * *" Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968). See Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); compare State v. Slicker, 79 N.M. 677, 448 P. 2d 478 (Ct.App.1968). The constitutional provision against unreasonable searches governs an inventory search. In Re One 1965 Econoline, I.D. #E16JH702043, Ariz.L. EC–7887, 17 Ariz.App. 64, 495 P.2d 504 (1972); Mozzetti v. Superior Court of Sacramento County, 4 Cal.3d 699, 94 Cal. Rptr. 412, 484 P.2d 84 (1971); Kleinbart v. State, 2 Md.App. 183, 234 A.2d 288 (1967). The majority opinion implies a search in the constitutional sense, and I agree.

The search and seizure issue is based on the officer opening the trunk of the car and raising the lid of the footlocker. It was this entry which provided the probable cause for the search warrant. If this entry was constitutionally unreasonable, seizure of the marijuana pursuant to the search warrant was invalid. State v. Everitt, 80 N.M. 41, 450 P.2d 927 (Ct.App. 1969).

The officer's entry cannot be justified on any of the following grounds: (a) consent; (b) incident to arrest; (c) pursuant to a search warrant; (d) reasonable or probable cause, prior to entry, that the officer would find the instrumentality of a crime or evidence pertaining to a crime; Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419, reh. denied, 400 U.S. 856, 91 S.Ct. 23, 27 L.Ed.2d 94 (1970); Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed. 2d 538 (1968); (e) the car was being impounded as evidence; Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730, reh. denied, 386 U.S. 988, 87 S.Ct. 1283, 18 L.Ed.2d 243 (1967); or (f) entry was in the context of a regulatory inspection system under the authority of a valid statute; United States v. Biswell, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972).

Thus, I agree with the majority as to the dispositive issue; it is whether the "inventory" of the contents of the car lawfully in the officer's possession was valid. I disagree with the majority's disposition of that issue. I would hold the inventory to be constitutionally valid under the circumstances of this case. The majority opinion does not discuss these circumstances, which are included in the following discussion.

While lawful custody of an automobile does not of itself dispense with constitutional requirements of searches thereafter made of it, "* * * the reason for and nature of the custody may constitutionally justify the search. * * *" Cooper v. California, supra. Here, the reason for the custody was the lack of permission for defendant to have the rented car, the lack of a driver's license and the rental agency's request to impound the car and not release it to defendant. The nature of the custody was to hold the car for the car rental agency. The record shows the rental agency had "picked it up" but does not show when this was done.

In these circumstances, standard State Police procedure is to make a written inventory of all items in the car. The inventory includes a check for any damages to the vehicle and any items in the vehicle. The inventory includes items in the trunk of the car.

The inventory "* * * is for our protection and the protection of the driver and the vehicle." "* * * We are responsible for anything we impound. Anything that's missing we have to pay for it."

Decisions of other states agree generally that a police inventory is reasonable, but Arizona and California limit the extent of the inventory. Mozzetti v. Superior Court of Sacramento County, supra, and In Re One 1965 Econoline, I.D. #E16JH702043, Ariz.L. EC–7887, supra, hold that the inventory is proper for "objects clearly visible without probing" but that it is unreasonable to inventory the contents of closed

items such as suitcases or shaving satchels. Other states have upheld the reasonableness of inventorying the contents of closed items. In People v. Sullivan, 29 N.Y.2d 69, 323 N.Y.S.2d 945, 272 N.E.2d 464 (1971) a brief case was opened; in Heffley v. State, 83 Nev. 100, 423 P.2d 666 (1967) passports and registrations became visible when the interior of the car was examined; in People v. Robinson, 36 A. D.2d 375, 320 N.Y.S.2d 665 (1971) the trunk of the car was opened; in State v. Keller, —— Or.App. ——, 497 P.2d 868 (1972) a fishing tackle box was opened. The decisions generally have not been concerned with whether the items inventoried were in plain view or in a closed item; rather, the concern is with the right to inventory the car's contents. Urquhart v. State, 261 So. 2d 535 (Fla.App.1971); St. Clair v. State, 1 Md.App. 605, 232 A.2d 565 (1967); Jackson v. State, 243 So.2d 396 (Miss.1970); State v. Criscola, 21 Utah 2d 272, 444 P.2d 517 (1968); Cabbler v. Commonwealth, 212 Va. 520, 184 S.E.2d 781 (1971), cert. denied, 405 U.S. 1073, 31 L.Ed.2d 807, 92 S.Ct. 1501 (1972); State v. Montague, 73 Wash.2d 381, 438 P.2d 571 (1968). Compare, however, Scott v. State, 86 Nev. 145, 465 P.2d 620 (1970).

Where the officer's possession is lawful, and the interests involved are those of the officer and the driver, I am inclined to the view that entry into a vehicle for the purpose of inventorying its contents, and not for an exploratory search, is reasonable. See Kleinbart v. State, supra, and Heffley v. State, supra. I need not, however, consider such limited facts in this case.

Here, there is no evidence of a right to possession in defendant, the driver; there is evidence of a right to possession on the part of the car rental agency. The officer testified that if the owner of the car is found, ". . . we just lock it and make the wrecker responsible for any items that are missing." He also testified: "If we know the owner when we impound it, we do not go into the vehicle at all. But in a case like this, when the car belongs to somebody else they ask us to search the car, inside and out, to put down everything that's missing."

This evidence is to the effect that the contents of the car were to be inventoried for the protection of the absent person who had the right to possession of the car. Thus, we have a three-way protection involved—the driver, the officer and the car rental agency. Protection of the rights of citizens, including their rights in property, is clearly public policy. See Cabbler v. Commonwealth, supra. The officer proceeded reasonably in this three-way situation of driver, officer and car rental agency, by ascertaining the contents of the car in his possession.

Defendant asserts my conclusion of reasonableness is erroneous on two grounds. He claims this protection could be achieved by not opening closed items and he asserts the officer has no need for protection because he cannot be liable for missing items.

This contention follows the reasoning of Mozzetti v. Superior Court of Sacramento County, supra, with which I disagree. Mozzetti, supra, emphasizes that the officer has little chance of being held liable on the basis that he is an involuntary bailee. Whether or not there is legal liability, the officer's testimony is undisputed that he has to pay for missing items. But even if the officer did not have to pay, it still is reasonable for the officer to know what is in his possession in the event the State should be held liable to the extent of its insurance coverage, see § 39–2–27.1, N.M.S. A.1953 (2d Repl.Vol. 6).

Apart from the officer, the interest of defendant and the car rental agency in the car's contents is to be protected. In providing that protection, in my opinion it is reasonable for the protector, the officer, to know what is being protected. Wouldn't it be reasonable for the officer to know whether the car in his possession contained a dead body? See Judge Mann's concurring opinion on rehearing in Urquhart v. State, supra.

Under the facts of this case, I would hold that the officer acted reasonably when, in inventorying the contents of a car in his lawful possession, he opened the trunk of the car and raised the lid of the footlocker; that these actions did not amount to an unreasonable search under the circumstances. I would affirm the conviction.