524 P.2d 1004
**STATE of New Mexico, Plaintiff-Appellee,**
v.
**David VIGIL, Defendant-Appellant.**
**No. 1361.**

Court of Appeals of New Mexico.
July 3, 1974.

Certiorari denied July 25, 1974.

Larry N. Smith, Moore & Smith, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Defendant was indicted for attempted murder contrary to § 40A–28–1, N.M.S.A.

1953 (2d Repl. Vol. 6), aggravated assault upon a peace officer contrary to § 40A–22–21, N.M.S.A.1953 (2d Repl. Vol. 6), assault with intent to commit a violent felony upon a peace officer contrary to § 40A–22–22, N.M.S.A.1953 (2d Repl. Vol. 6), and possession of more than one ounce of marijuana contrary to § 54–9–3, N.M.S.A. 1953 (2d Repl. Vol. 6, Supp.1971), repealed by Laws 1972, ch. 84. The attempted murder count was dismissed. The marijuana count was later amended to charge possession of more than eight ounces of marijuana.

The assault counts and the marijuana counts were severed upon motion by the defendant. He was found not guilty of an assault with intent to commit a violent felony upon a peace officer. He was convicted of aggravated assault upon a peace officer and of possession of marijuana in excess of eight ounces.

The issues are: (1) search and seizure; (2) proof of possession of more than eight ounces; (3) improper comment during closing argument; and (4) lesser included offense. We affirm.

*Search and Seizure*

Defendant's car was impounded subsequent to his custodial arrest on the assault charges. By the term "impounded," we mean a car which has been taken into custody for the purpose of storage or safekeeping until the owner is located or released. Pursuant to a regulation of the Espanola Police Department, officers inventoried the contents of the vehicle. They found a brown paper bag in the trunk which, upon inspection, was found to contain twenty-one packages of suspected marijuana. The paper bag was closed and inside the locked trunk that the officers opened with the keys to the car. Defendant assigns as error the denial of his motion to suppress that material.

Defendant relies upon two cases in support of this contention. The first is Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). That case involved a search sought to be justified as incident to an arrest. Here, the justification is inventory search. Therefore, the principles enunciated in *Preston* have no application to the case at bar. See Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973).

The second case is State v. Nemrod, 85 N.M. 118, 509 P.2d 885 (Ct.App.1973), where we held that an intrusion into the defendant's footlocker found in the locked trunk of the rented car he was driving was not justified on a theory of inventory search. The state requests us to overrule *Nemrod*.

We consider *Nemrod* in light of subsequent authority. See United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L. Ed.2d 427 (1973); Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); Cady v. Dombrowski, supra.

After *Cady* it is apparent that the initial intrusion into the trunk was justifiable. In *Cady* the police assumed control over the vehicle in question as part of their "community caretaking function." In the case at bar the police impounded the vehicle for the same reason. No claim is made that the police did not have lawful custody of the car. The car was to be taken away by a wrecker. The reason for the intrusion as testified to by the Chief of Police was as follows:

> "A. A car has to be searched before it is taken to—before it is released to the wrecker driver so that the officer can have a list of all of the items in the car so that if all items are not taken out by the owner, there won't be no articles missing, so that they won't say there are articles there that are missing. That is the purpose of the inventory. The officer is responsible for the articles in the car when he turns it over to the wrecker."

Defendant seeks to distinguish *Cady* on certain factual grounds. We think the principles stated in *Cady* apply to the case at bar. The Court in *Cady* "extrapolated" those principles in part from Harris v. United States, 390 U.S. 234, 88

S.Ct. 992, 19 L.Ed.2d 1067 (1968), where a search of an automobile was allowed for reasons substantially similar to those advanced here. *Cady* and *Harris,* when read together, stand for the proposition that an inventory search of an automobile in lawful custody of the police can be made and that items in the trunk can be inventoried. We do not think our holding in *Nemrod* requires an opposite conclusion. See dissenting opinion of Wood, C. J.

The main issue is whether the intrusion into the paper bag was justified. Defendant argues that *Harris* and *Cady* are distinguishable because they involved seizures of items in plain view. However, in United States v. Robinson, supra, the Court held:

"... that in the case of a lawful *custodial* arrest a *full* search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." [Emphasis supplied]

In *Robinson* and its companion case, Gustafson v. Florida, supra, the factual predicate for the searches was lawful custody of the person to be searched. The "full search" allowed was not limited to items in plain view. We see no reason why a search should be more circumscribed where an arrestee's personal effects are involved when they, also, are in lawful custody. See United States v. Edwards, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974). In fact, automobiles have always been accorded less protection than persons under the Fourth Amendment. See Cady v. Dombrowski, supra; Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

Consistent with the approach by the United States Supreme Court concerning searches of a person in lawful custody, we hold that where, as here, the initial intrusion into a vehicle which is lawfully in police custody is justified, an inventory of the contents of closed containers is also justified. See cases cited in dissenting opinion in State v. Nemrod, supra, and Annot. 48 A.L.R.3d 537, §§ 12 to 17, at 577–587.

Accordingly, we overrule *Nemrod* insofar as it holds that the scope of an inventory search is limited to items in plain view. Since the mere inspection of the contents of the paper bag in the case at bar was consistent with the purposes of an inventory search, we cannot hold that it was unreasonable. This was not a wide-ranging, exploratory search. Its purpose was to ascertain the contents of the trunk of the vehicle to protect both the defendant property owner and the police. As such it was not unreasonable and the motion was properly denied.

*Proof of Weight*

This contention has two parts. The first is that although the twenty-one packages of suspected marijuana seized have white seals on them indicating what purports to be weight in grams, Dr. Schoenfeld, the State's expert never testified that he weighed the packages. Nor is there any direct testimony indicating who, if anyone, did weigh them.

We think, however, the record supports the inference that Dr. Schoenfeld weighed each package and recorded his findings upon the white seals attached to them. He testified that he was the only person to have access to the evidence while it was in his custody. He also testified that the packages were weighed while in his custody. Therefore, the jury could conclude, by elimination, that he was the only person who could have weighed them.

The second part of this contention is that the State failed to show that eight ounces of the material seized was, in fact, marijuana. There were twenty-one packages; their total weight in grams was 394. The record discloses that 394 grams or approximately 13.9 ounces of material were seized. Thus, the total weight of the material exceeded eight ounces. Dr. Schoenfeld randomly selected six of the packages and on the basis of the tests performed, stated the packages tested contained mari-

juana. There is no showing, however, that the six packages tested contained eight ounces of marijuana.

Defendant requested an instruction to the effect that the six packages tested must have contained marijuana in excess of eight ounces. The requested instruction was refused. Defendant also moved for dismissal claiming the State had failed to prove that defendant possessed marijuana in excess of eight ounces.

The twenty-one packages of marijuana were before the jury. A view of those packages shows all contained similar material. Six of those packages were positively identified as marijuana.

We agree with the approach of the court in Vaughn v. State, 477 S.W.2d 260 (Tenn.App.1971). There a number of bottles of Robitussin A/C were seized. A test was run upon one of the bottles. It was found to contain 14.6 grains of codeine. Although the law allowed possession without prescription of more codeine than was found in the one bottle, the jury was entitled to infer from the possession of 180 similar bottles that a sufficient quantity was possessed.

■ In this case, on the basis of the weight of twenty-one packages, the positive identification of six of the packages as marijuana, and the similarity of the packages, the evidence was sufficient for the jury to infer that more than eight ounces of marijuana was possessed by defendant. The trial court did not err in refusing to dismiss the charge and did not err in refusing the requested instruction which would have restricted the amount of marijuana possessed to the six packages tested.

*Improper Comment*

The defendant claims that the assistant district attorney improperly called defendant a "punk" during his summation at the assault trial. He also claims that he objected to this characterization and moved for a mistrial. The closing arguments were not recorded.

■ One answer is that the only record support for this claim is defendant's statement. The trial court neither agreed nor disagreed, but remarked that defendant's *statement* would be made part of the record. Thus, the record is ambiguous. With this ambiguity as to what occurred, we cannot hold the trial court erred in failing to grant a mistrial on the basis of remarks allegedly made by the prosecutor. State v. Jamerson, 85 N.M. 799, 518 P.2d 779 (Ct.App.1974).

■ A second answer is that cross-examination of defendant established prior convictions for petty theft, possession of stolen property and possession of marijuana. In the light of this evidence, the reference to "punk," if it occurred, was a comment on the evidence not amounting to reversible error. See State v. Anaya, 79 N.M. 43, 439 P.2d 561 (Ct.App.1968).

*Lesser Included Offense*

■ The defendant requested that the jury be instructed upon the lesser included offense of assault on a police officer. The entire defense was based upon alibi. There was no evidence in the State's case tending to reduce the offense. Therefore, the instruction was properly denied. See State v. Saiz, 84 N.M. 191, 500 P.2d 1314 (Ct.App.1972).

The judgments and sentences are affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.