■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. TURNER, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered November 20, 1980, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after hearing (McGinity, J.), of defendant's motion to suppress physical evidence. Judgment affirmed. Defendant was driving without a license in an unregistered, uninspected and uninsured vehicle bearing improper plates. Under these facts, the officers who stopped the defendant clearly had the right to impound his car (*People v Robinson*, 36 AD2d 375). Because impoundment of the car was proper, the police had a right to inventory its contents. Although a complete inventory of the vehicle occurred after it was brought to the police precinct, a

paper bag in plain view had previously been seized after the car was impounded by the officers who had stopped defendant. The seizure of the paper bag, which contained a loaded revolver, was proper (see *People v Middleton*, 50 AD2d 1040). In any event, it is inconceivable that the complete inventory search at the precinct would have failed to uncover the evidence (*People v Clark*, 45 NY2d 432), and under the doctrine of inevitable discovery, therefore, the denial of defendant's motion to suppress was proper. Furthermore, in light of defendant's past criminal history, we find no merit to his claim that his sentence is excessive. Titone, J. P., Brown, Rubin and Boyers, JJ., concur.