Per Curiam.

The search of the defendant’s dwelling for contraband, without a warrant, cannot be sustained upon this record (Jones v. United States, 357 U. S. 493; Johnson v. United States, 333 U. S. 10; Taylor v. United States, 286 U. S. 1; Agnello v. United States, 269 U. S. 20). While the original entry was with the permission of defendant’s wife, she could not validly consent to a search of his personal effects which were not exposed to open view (State v. Evans, 45 Hawaii 622; cf. Roberts v. United States, 332 F. 2d 892, cert. den. 380 U. S. 980). Since consent is the weakest possible basis for a search and must be shown to have been freely and voluntarily given (Pekar v. United States, 315 F. 2d 319; Hall v. Warden, 313 F. 2d 483; United States v. Viale, 312 F. 2d 595; United States v. Smith, 308 F. 2d 657), it is even less persuasive when given by one’s wife to effect a waiver of his constitutional right against unreasonable search. Consequently the motion to suppress should have been granted and the complaint must be dismissed for lack of the required proof of guilt.
The judgment of conviction and order denying motion to suppress evidence should be reversed on the law and facts, motion granted and complaint dismissed.
Margett and Brenner, JJ., concur; Olliffe, J., deceased.
Judgment of conviction and order reversed, etc.