**UNITED STATES of America ex rel. Tony PERRY, C–8018 and Edward L. Gallaher, C–7910**

**v.**

**H. E. RUSSELL, Superintendent.**

**Civ. A. No. 70–796.**

United States District Court, W. D. Pennsylvania.

July 20, 1970.

---

## OPINION

GOURLEY, Senior District Judge.

This is a joint Petition for Writ of Habeas Corpus filed by two inmates of a State penal institution within this District. Petitioners and a third individual were indicted in the Court of Common Pleas of Cambria County, Pennsylvania, at No. 26 December Term 1964 upon counts of burglary and larceny arising out of the theft of checks and money from Impala's Garage, South Fork, Cambria County, Pennsylvania, on September 18, 1964. Tried together before a jury, all defendants were found guilty and subsequently sentenced to terms of five to fifteen years imprisonment.

Petitioners raise herein some thirteen challenges to the regularity of the aforementioned criminal proceedings. The essential allegations relate to the lawfulness of the arrests of petitioners and the subsequent search of the apartment wherein they were arrested. Common questions of fact and law are involved, and the joint Petition will be entertained. Having found state remedies to be exhausted, the Court has called for and fully reviewed the entire State records, including the transcript of the evidentiary hearing in petitioners' joint Post Conviction Hearing Act proceeding. Upon review of the same, the Court finds that the facts relevant to the is-

sues raised herein have been fully developed in the State Court and that no further evidentiary hearing is merited. Relief must be denied.

Petitioners challenge the lawfulness of their arrest on September 18, 1964 and subsequent search of the apartment in which they were found on that date. An arrest without warrant may be made upon probable cause, and probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed. Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).

The circumstances surrounding the arrest of petitioners were as follows. At 4:00 P.M. on September 17, 1964, one John Kocis, a tenant of an apartment at 223 Market Street, Johnstown, Pennsylvania, went to the office of the Johnstown Police Department and told the arresting officer, Sergeant Philip Vickroy, and others, that three men named Perry, Gallaher, and Schrengost were in Johnstown, that they had been to his apartment at 223 Market Street, that they planned to buy a car in the afternoon under a fictitious name, and that they spoke of "pulling a job" that night. Kocis also told the officers that Perry and Gallaher had stayed at his apartment the night before and were "in and out of there off and on." Sergeant Vickroy had known Kocis for four or five years and, on the basis of past information related by him to Vickroy, Kocis was known by Vickroy to be a reliable informant.

Kocis remained in contact with the Police Department throughout the night of September 17, 1970. Apparently an observation of Kocis' apartment was arranged, and it was agreed that when the three men were next to be in his apartment, he was to move a box on the balcony so as to signal the officers. Vickroy approached the apartment at or about 8:30 A.M. on September 18, 1964 to speak with Kocis but encountered him on the street. At that time, Kocis stated to Vickroy that two men, Perry and Gallaher, were in the apartment, that they had "burned a safe" the previous night and that they were preparing to leave for New Jersey. Kocis then entered his apartment and opened the door to admit Vickroy who immediately arrested Perry and Gallaher.

The information provided by Kocis, a previously reliable informant, was ample to give probable cause for the arrests, there being reasonable ground to believe from his statements that a crime had been committed and that it had been committed by the three men with whom Kocis had been in personal contact.

It is contended that the two subsequent searches of the apartment were unlawful. The first search was conducted without a warrant prior to petitioners being taken to the Police Station. Upon arresting petitioners, Sergeant Vickroy directed them to rise from a bed in the Kocis apartment where they were lying. As they did so, a wallet appeared partially exposed from beneath the pillow. Vickroy seized the wallet and found therein a temporary registration certificate for an automobile which had been signed in the name of "Don Martin." A search without warrant is permissible incident to arrest. However, the scope of the search must be limited to the arrestee's person and the area within his immediate control. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1968). The temporary registration certificate was an evidentiary item within the area of immediate control of the petitioners and was properly seized within the limits of the rule.

Also seized at that time was a brown bag containing sixty-six dollars in change. This brown bag was located in a closet in the single room apartment. Upon Vickroy's asking if he could look around, Kocis nodded toward the closet to which Vickroy proceeded and seized the bag. While this brown bag was not within the immediate control of petitioners, justification for its seizure may be found in the consent of Kocis, the tenant

of the apartment. One who is a joint tenant of an apartment has authority to consent to the entry and search thereof. Wright v. United States, 389 F.2d 996, 998 (8th Cir. 1968). Also, one who is a transient paying a rent in kind for a room in a household does not necessarily ascend to the status of a tenant with an exclusive right of possession of the room, ousting the owner of the household of the right to authorize or consent to search thereof. See Weaver v. Lane, 382 F.2d 251 (7th Cir. 1967). In line with the above-cited cases, petitioners herein, transient occupants of a room in which Kocis was the primary tenant, could not preclude Kocis from giving his consent to a search of the premises.

A second search of the premises was conducted on the same day shortly after Perry and Gallaher were brought to the station. Vickroy returned to the premises, with a search warrant, and upon being admitted by Kocis was handed by Kocis four checks drawn by or made out to Impala Motors which Kocis himself pulled from the back of a television set in the apartment. While the terms of the search warrant were not specified at the Post Conviction hearing, this is immaterial. The second search of the apartment, like a part of the first search, was with the consent as well as assistance of the primary tenant having the right to authorize the same. It is therefore concluded that the searches and seizures as well as the arrests of petitioners were within constitutional bounds.

■ The remaining issues raised by petitioners are without merit. The sufficiency of the circumstantial evidence to convict petitioners is not reviewable upon habeas corpus unless there is a total lack of evidence to support the conviction. United States ex rel. Morton v. Mancusi, 393 F.2d 482, 484 (2d Cir. 1968); Carpenter v. Crouse, 389 F.2d 53, 54 (10th Cir. 1968). A review of the record indicates the existence of circumstantial evidence from which a jury could find beyond a reasonable doubt that petitioners had committed the crime charged.

■ Petitioners challenge the statement in the trial judge's charge to the effect that an inference of guilt of burglary could be drawn from possession of recently stolen goods. This presents no constitutional error.

■ The contention that a new trial should have been granted on the basis of after-discovered evidence is also without merit. Petitioners moved for a new trial on the basis of an exculpatory statement made subsequent to trial by Kocis, the informant and primary tenant of the apartment in which petitioners were found. The trial judge rejected the credibility of the statement, refused a new trial on the basis of it, and later was affirmed by the Superior Court of Pennsylvania. No constitutional error is presented here.

Lastly, petitioners have contended that they lacked effective assistance of counsel. A review of the record of the Post Conviction Hearing reveals this contention to be utterly baseless in fact.

In accordance with the foregoing, relief is denied. An appropriate Order is entered.