513 P.2d 399

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Thomas L. JOHNSON, Defendant-Appellant.**

**No. 1097.**

Court of Appeals of New Mexico.

Aug. 1, 1973.

Joseph A. Roberts, Chavez & Roberts, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

Two bottles of liquor allegedly stolen from the house at the Rowley ranch were found in defendant's zipped duffel bag at his place of residence. Defendant, by his court-appointed attorney, made a pretrial motion to suppress the evidence on the grounds of illegal search and seizure. The motion was denied and defendant was convicted of burglary of a residence pursuant to § 40A-16-3, N.M.S.A. 1953 (2d Repl. Vol. 6). Although defendant raises five points for reversal, the dispositive issue concerns the denial of his motion to sup-

press. We hold that the motion should have been granted. Therefore, we reverse.

The pertinent facts relating to the search and seizure are as follows: The defendant occupied a room in a house rented by his sister and his brother-in-law. The room was separated from the rest of the living area only by a space doorway and curtains. The defendant paid rent for the use of the room, but it is not clear as to whether the rent had been paid regularly. Defendant's sister and brother-in-law, the Padillas, used a closet in defendant's room for storage purposes and permitted defendant's half-brother, Ted Bilberry, to share the room with defendant.

Ted Bilberry had seen a list of the items missing from the Rowley ranch. He saw two bottles of liquor similar to the liquor reported as stolen. These bottles were in a duffel bag in the room he shared with defendant. He reported his observation to the police.

Three officers went to the Padilla residence while defendant was absent. They asked Mrs. Padilla for consent to search the premises. She refused, deferring to her husband as "head of the household." Her husband voluntarily consented to a search of "my place of residence." The police commenced a search of the defendant's room. Mrs. Padilla testified that they were "very specific" about asking as to the ownership of various items, ". . . so they would only search his [defendant's] things. . . ." Under a night stand the police found defendant's zipped duffel bag. They searched the bag and found two allegedly stolen bottles of liquor.

Padilla could consent to a search of his premises and this consent extends to portions of the premises that Padilla controlled jointly with other residents. However, there is no issue as to the consent for a premises search. The issue is whether Padilla's consent, under the facts of this case, can validate the search of defendant's duffel bag. The search of the duffel bag, in this case, must stand or fall on Padilla's consent.

Before proceeding further it is important to determine what is not involved in this case. There is no question as to whether the item searched was an "effect" entitled to protection under the New Mexico and United States Constitutions. See U.S. Const. Amend. IV and N.M.Const. Art. II, § 10; Cf. Roberts v. United States, 332 F. 2d 892 (8th Cir. 1964), cert. denied, 380 U.S. 980, 85 S.Ct. 1344, 14 L.Ed.2d 274 (1965); State v. McCarthy, 20 Ohio App. 2d 275, 253 N.E.2d 789 (1969), aff'd 26 Ohio St.2d 87, 269 N.E.2d 424 (1971). There is no claim that the consenting party had any ownership or possessory interest in the effect seized. Cf. Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969).

There is no evidence that the bag was searched under the impression it was the property of someone other than the defendant. Nor is there evidence of any mistaken impression that the bag was jointly used, possessed or controlled by the consenting party and the defendant. Finally, there is no evidence of any authority (actual or mistaken) on the part of Mr. Padilla to consent to a search of defendant's personal effects. To the contrary, the police officer's testimony indicated that he knew the bag belonged to defendant. See White v. United States, 444 F.2d 724 (10th Cir. 1971); People v. Gorg, 45 Cal. 2d 776, 291 P.2d 469 (1955). Finally, this case does not involve a claim that the evidence seized was in plain view, that the effect was abandoned or that the evidence was delivered into the hands of the police without official intervention. Cf. State v. Kennedy, 80 N.M. 152, 452 P.2d 486 (Ct.App.1969); People v. McGrew, 1 Cal.3d 404, 82 Cal.Rptr. 473, 462 P.2d 1 (1969), cert. denied 398 U.S. 909, 90 S.Ct. 1689, 26 L.Ed.2d 67 (1970), overruled in People v. McKinnon, 7 Cal.3d 899, 103 Cal.Rptr. 897, 500 P.2d 1097 (1972), U.S. appeal pending.

What this case does involve is the Fourth Amendment, set out as follows:

"The right of the people to be secure in their *persons, houses, papers, and effects,* against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." [Emphasis added]

The Court in United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951), stated:

"The Fourth Amendment prohibits both unreasonable searches and unreasonable seizures, and its protection extends to both 'houses' and 'effects.' . . ."

█ A third party cannot consent to a search of a part of the premises within defendant's exclusive use and control. See State v. Kennedy, supra; Reeves v. Warden, Maryland Penitentiary, 346 F.2d 915 (4th Cir. 1955). No reason for denying effects the same protection that we give to premises has been advanced, nor can we think of one.

█ A number of cases from other jurisdictions support our conclusion. In People v. Gonzalez, 50 Misc.2d 508, 270 N.Y. S.2d 727 (1966), the court flatly stated:

". . . While the original entry was with the permission of defendant's wife, she could not validly consent to a search of his personal effects which were not exposed to open view. . . ."

Similarly, the court in State v. Evans, 45 Hawaii 622, 372 P.2d 365 (1962) held:

". . . When the officers searched the husband's personal effects to discover jewelry hidden in a cuff link case in a bedroom bureau drawer they went beyond the bounds of any possible justification. . . ."

The court in United States v. Poole, 307 F.Supp. 1185 (E.D.La.1969), succinctly states the rule as follows:

"The rule which emerges is that a defendant may object to a search consented to by another where the defendant has exclusive control over a part of the premises searched or over an 'effect' on the premises which is itself capable of being (and is) 'searched.' 'Enclosed spaces' over which a non-consenting party has a right to exclude others, whether rooms or effects, are protected. . . . If X leaves his closed suit case [sic] in Y's apartment, this is no authorization to Y to open the suitcase or for Y to allow others to open it. . . ."

Padilla's consent to a search was not sufficient to validate the police search of defendant's closed duffel bag because there is nothing showing Padilla had or claimed any interest or control in the duffel bag.

We are not unaware of cases reaching an opposite result. See United States ex rel. Perry v. Russell, 315 F.Supp. 65 (W. D.Pa.1970); State v. Kinderman, 271 Minn. 405, 136 N.W.2d 577 (1965), cert. denied 384 U.S. 909, 86 S.Ct. 1349, 16 L. Ed.2d 361 (1966). However, these decisions rely on the consenting party's interest in the premises and do not discuss separate ownership of the effects. We feel that the great weight of authority and reason requires that effects be treated separately. United States v. Brown, 300 F.Supp. 1285 (D.C.N.H.1969); Commonwealth v. Storck, 442 Pa. 197, 275 A.2d 362 (1971); State v. McCarthy, supra; People v. Cruz, 61 Cal.2d 861, 40 Cal.Rptr. 841, 395 P.2d 889 (1964); People v. Daniels, 16 Cal.App.3d 36, 93 Cal. Rptr. 628 (1971); People v. Gonzalez, supra; State v. Evans, supra; and United States v. Poole, supra.

Therefore, we hold that the search exceeded the permissible scope of the consent and that the motion to suppress should have been granted. Finding no merit in defendant's other points, we reverse and remand for a new trial.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.