517 P.2d 908

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Richard BRUBAKER and Dale Etter Vaughn, Defendants-Appellees.**

**No. 1248.**

Court of Appeals of New Mexico.

Dec. 12, 1973.

E. H. Williams, Jr., Dist. Atty., Las Cruces, for plaintiff-appellant.

Philip W. Steere, T. K. Campbell, Las Cruces, for defendants-appellees.

OPINION

SUTIN, Judge.

The state appeals from an order of the trial court which suppressed the evidence seized by the police from a car occupied by the defendants. We affirm.

Defendants were charged (1) with illegal possession of marijuana contrary to § 54–11–23(A), (B)(3), N.M.S.A.1953 (Repl. Vol. 8, pt. 2, 1973 Supp.) and (2) with possession of marihuana with intent to distribute contrary to § 54–11–22(A)(1), supra.

At the hearing on motion to suppress, the only evidence presented was the testi-

mony of the patrol police officer involved in the case.

The record shows that at 2:30 A.M. in Las Cruces, New Mexico, the patrol officer stopped for a red light in the right hand lane of a road. The car occupied by the defendants stopped in the left hand lane, a half car's length behind the officer. The car was a 1973 Plymouth with Arizona license plates.

When the lights turned green, the Plymouth waited for the officer to proceed past the intersection. In proceeding, the Plymouth remained behind the officer. The speed limit was 35 m. p. h. The officer drove 15 miles per hour, the other car 10 miles per hour. This seemed unusual to the police officer. After passing the intersection, the officer pulled off on the shoulder of the road. As the Plymouth passed the officer, he looked at the driver of the Plymouth and the driver turned his face away. Two blocks later, the officer stopped the Plymouth. The only reason for stopping the Plymouth was its hesitation in passing the officer. The officer got out of his car and walked to the Plymouth occupied by the defendants.

Defendant Vaughn was asleep in the car. Defendant Brubaker, the driver, upon request, showed the police officer his driver's license. When requested to show vehicle registration, Brubaker explained that the car was an Arizona rental; that it was two weeks overdue at the Tucson International Airport. Upon request, Brubaker produced the rental contract. The lessee was Marie or Margie Corkill. The officer thought the inside of the car smelled like marijuana that had been smoked, but he was not sure. So the officer did not charge defendants with any criminal violations.

The officer asked Brubaker to follow him to the police station in order to check with the rental agency in Tucson. On arrival at the police station, Brubaker locked the car and took his keys with him. Inside the police station, Brubaker and Vaughn were placed in separate rooms. Tucson was checked and Hertz Rent A Car requested the car be held and it would send someone to pick it up.

The patrol officer, in the absence of Vaughn, asked Brubaker for his keys because the car had been impounded and he wanted to inventory it. The patrol officer, at this time, did not suspect Brubaker of anything. The officer told Brubaker if he did not give up the keys, the officer would take them away from him. The officer meant he would use necessary force. Brubaker gave the officer the keys. The officer requested consent in writing to search the car but Brubaker refused to sign the consent.

The patrol officer stated he had no probable cause to search until contact was made with Tucson. In the absence of defendants, the patrol officer, together with another officer, went to look into the car and to inventory it. In the front and back seats, the officers found marijuana seeds. In the trunk of the car, three suitcases were found, and upon opening them, 80 pounds of marijuana were found, and the defendants were then placed under arrest.

The state discarded its right to an inventory search and admitted it had no right to search when the car was stopped on the road. The warrantless search of the Plymouth, and seizure of the marijuana seeds and marijuana, was unlawful because consent was not given, the search was not pursuant to an arrest, and there was no probable cause to warrant a search. State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct. App.1970); State v. Johnson, 85 N.M. 465, 513 P.2d 399 (Ct.App.1973); Almeida-Sanchez v. United States, 413 U.S. 266, 93 S. Ct. 2535, 37 L.Ed.2d 596 (1973); United States v. Byrd, 483 F.2d 1196 (5th Cir. 1973). Compare Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973).

Affirmed.

It is so ordered.

WOOD, C. J., and LOPEZ, J., specially concur.

WOOD, Chief Judge (specially concurring).

No claim is made that defendants consented to a search or that the search was incidental to the arrest of defendants. The issue before the trial court, and here, is whether the officers who searched the trunk of the car had probable cause for a warrantless search.

In the trial court, the State contended that probable cause resulted from a combination of information acquired in the various investigative steps. That information was: (a) the smell of marijuana when the car was initially stopped; (b) absence of vehicle registration papers; (c) an expired car rental agreement in the name of a person other than defendants; (d) a request by the car rental agency that the vehicle be held for the agency; (e) discovery of marijuana seeds in the seats of the car upon entering the car to inventory its contents. The State asserted to the trial court that this combined information provided probable cause for a "complete and full search of the vehicle" and, thus, probable cause for searching the trunk of the car and the contents of the trunk.

No such contention is presented on the appeal. Accordingly, it is not necessary to consider whether the record supports the facts on which the State relied in the trial court and is not necessary to consider whether the alleged facts were legally sufficient for a "probable cause" search.

In the appeal, the State expressly declined to defend the search of the trunk and its contents on the basis of an inventory search. Accordingly, no question is presented as to the continuing validity of State v. Nemrod, 85 N.M. 118, 509 P.2d 885 (Ct.App.1973) or the effect of the United States Supreme Court decision in Cady v. Dombrowski, supra, upon *Nemrod,* supra.

In the appeal, the State defends the search of the trunk solely on the basis that probable cause existed at the time of the initial stop of the car on the street. Although the State does not abandon items (b) and (c) above—the absence of vehicle registration papers and the expired car rental agreement—the State's emphasis is that "probable cause" can be based on the marijuana smell.

The State's contention is not before us for review. In the trial court, the State's position was that probable cause for a search did *not* exist at the time of the initial stop of the vehicle. The State is attempting to change its theory on appeal. See Maryland Casualty Company v. Foster, 76 N.M. 310, 414 P.2d 672 (1966). The State's theory on appeal is not before us for review because such a theory was not an issue raised in the trial court. State v. Lopez, 84 N.M. 402, 503 P.2d 1180 (Ct. App.1972).

I do not join in Judge Sutin's opinion because it appears to decide the search issue on the merits. On the basis of the foregoing discussion, I concur in the result reached.

LOPEZ, J., concurs in Chief Judge WOOD's specially concurring opinion.