556 P.2d 851

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**John David CLARK, Defendant-Appellant.**

**No. 2675.**

Court of Appeals of New Mexico.

Nov. 9, 1976.

Jan A. Hartke, Acting Chief Public Defender, Reginald J. Storment, Appellate Defender, William H. Lazar, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of possession of marijuana over eight ounces, contrary to § 54–11–23(B)(3), N.M.S.A.1953 (2d Repl.Vol. 6, 1972, Supp.1975) defendant appeals. He contends the trial court erred in denying

his motion to suppress the evidence seized. We agree.

■ This case was assigned to the legal calendar pursuant to N.M.Crim.App. Rule 207(c). Accordingly,.the facts as stated in the docketing statement are the facts for purposes of review on appeal, unless the state objects to the recitation of facts contained therein. *State v. Pohl,* 89 N.M. 523, 554 P.2d 984 (Ct.App.) decided September 14, 1976. The state does not dispute the facts.

On June 29, 1976 State Police Officer Bittinger noticed a U-Haul vehicle parked in front of the Buckaroo Motel in Tucumcari, New Mexico. It fit a description he had previously received of a stolen vehicle. The officer arrested the defendant for stealing the U-Haul vehicle, which in fact had been leased by defendant who violated the terms of the lease by leaving the originating state. The officer searched the front of the U-Haul, locked the vehicle, and took the keys and the defendant to the State Police station where a U-Haul representative was called. The local U-Haul dealer, Darrell Johnson, came to the State Police station and informed Officer Bittinger that no criminal complaint would be signed, but that defendant would have to pay U-Haul that sum of money that was owed them under the terms of his lease. Mr. Johnson advised Officer Bittinger that the U-Haul vehicle would be towed to his garage, and the vehicle and its contents kept until the money was paid. Defendant was released and advised Mr. Johnson he would pay the money due. Defendant returned to the Buckaroo Motel and so advised the police.

Mr. Johnson had the U-Haul vehicle towed to his private garage. After Officer Bittinger had finished taking a coffee break, he went to Mr. Johnson's garage and informed Mr. Johnson that he was going to take an inventory of the contents in the back of the U-Haul vehicle. He picked the lock and in the process of searching found the marijuana. Defendant

was subsequently arrested for possession of marijuana.

■ The state first contends that the defendant did not have standing to object to the search and seizure. We disagree. Mr. Johnson stated that he was holding the vehicle until paid what was owing and if defendant did not pay he was going to keep the contents of the van. The facts show that Mr. Johnson was waiting for the money owing at the time of the inventory search. Mr. Johnson was holding the vehicle for the defendant subject to payment. This recognition of defendant's right to the vehicle by the U-Haul representative, Mr. Johnson, was sufficient to give defendant standing to object to the inventory search and seizure. *State v. Lewis,* 80 N.M. 274, 454 P.2d 360 (Ct.App.1969). There is no claim that probable cause to search existed. The state relies entirely on an inventory search.

■ The issue is whether an inventory search is constitutionally permissible absent a search warrant after police have relinquished possession, custody and control to a third party who has the legal right to possession, custody and control. We hold that the trial court should have granted defendant's motion to suppress.

In *Cady v. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973), the court held that an inventory search of an automobile involved in an accident, driven by a drunk driver, was constitutionally permissible under the Fourth Amendment to the United States Constitution. The following factors were. relied on: (1) the police followed standard police procedures; (2) while the police did not have actual physical custody of the vehicle they had a form of custody and control over it in that the automobile was towed to a private garage at the direction of the police; (3) the exercise of control over the vehicle was warranted under the circumstances; (4) a reason to believe that there was a pistol inside the car warranted and justified the search in that doing so the police were

protecting the public from danger if an intruder removed the gun; (5) it was a reasonable exercise of the caretaking function. See also *South Dakota v. Opperman,* — U.S. ——, 96 S.Ct. 3092, 49 L.Ed.2d —— (1976). For New Mexico cases with differing views and facts dealing with inventory searches, see *State v. Vigil,* 86 N. M. 388, 524 P.2d 1004 (Ct.App.1974); *State v. Brubaker,* 85 N.M. 773, 517 P.2d 908 (Ct.App.1973) and *State v. Nemrod,* 85 N.M. 118, 509 P.2d 885 (Ct.App.1973). The above cited cases, even with the differing views expressed therein, stand for the proposition that an inventory search of an automobile does not violate the Fourth Amendment, when that automobile is in the lawful custody· of the police, in a reasonable exercise of its caretaking function.

Since the police had relinquished possession, custody and control of the U-Haul vehicle to the person who had the legal right to possession, custody and control, the reasons for permitting an inventory search, of any form, no longer existed. The search cannot be justified as incident to the caretaking function because the police were no longer burdened with that responsibility. Reasonableness is the touchstone of any search. The policy rationale for allowing inventory searches does not apply to the instant case.

Reversed and remanded.

IT IS ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.