574 P.2d 594

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Eugene MADRID, Defendant-Appellee.**

**No. 3220.**

Court of Appeals of New Mexico.

Jan. 3, 1978.

Writ of Certiorari Denied Jan. 27, 1978.

Toney Anaya, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

William D. Teel, Acting Chief Public Defender, Reginald J. Storment, Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

Defendant is charged with two marijuana offenses. The trial court granted defendant's motion to suppress the marijuana; the State appealed. The appeal involves the validity of the wife's consent to the search during which the marijuana was found by police officers.

■ Defendant suggests we should not consider the consent issue. He points out that the order suppressing the evidence does not set forth a basis for the trial court's decision. He states that "it can be easily argued that the trial court suppressed the marijuana because the officers exceeded the scope of the search for a gun". Our answer is that the scope of the search was not litigated in the evidentiary hearing on the motion to suppress; the matter litigated, and the only basis for the suppression order, was the validity of the wife's consent to search. That issue is before us for review.

Defendant was shot in the stomach while in his car. The car was in the garage of defendant's residence. Investigating the shooting, officers found a box of .38 bullets on the floorboard of the car, an empty holster and blood on the driver's seat. They removed what appeared to be a .38 slug from a seat of the car. However they found no weapon in the car or in the garage. "There was another female present, and we understood from her that she had removed some articles from within the vehicle and taken them inside [the house], and we thought possibly the weapon might be in those clothing articles."

At the hospital, the officers asked defendant's wife if they could check inside the house for a weapon. She was agreeable. She met the officers at the residence, unlocked the back door with a key and "asked us to come inside, to go ahead and look through there." The only evidence is that the marijuana was found during the course of the search for the weapon.

■ The question of the validity of the wife's consent arises because the wife was not living at defendant's residence when the shooting occurred.

Defendant and his wife married in 1972. They moved into the residence on Morgan Street in 1974 and lived together there until November, 1976. There were marital difficulties. Defendant went to California, then returned; the two lived together for four days. "We were still arguing"; the wife then moved in with her mother at a residence on East Mesa Street. The shooting occurred April 30, 1977. At the time of the shooting, the wife had not occupied the residence for some five months.

Defendant testified that when his wife moved out she took most of her clothing. A police officer testified there was feminine clothing in the bedroom of the residence which he "believed" was the wife's. We attribute no significance to the testimony of the officer and assume that the wife had "most" of her clothing at her mother's house.

There is testimony that defendant paid the rent and "everything". There is testimony that defendant contributed "maybe twenty, thirty dollars . . . maybe every other week" to the support of his wife and two children. There is testimony that community property consisting of kitchen utensils, a television set, a car and bedroom furniture was at the residence as well as a bedroom set, which from the evidence, seems to be the individual property of the wife. Also at the residence was a box of unidentified "things" belonging to the oldest daughter.

Both defendant and his wife had keys to the residence.

On the basis of the foregoing, we hold that the wife could validly consent to a weapon search of the residence.

*State v. Kennedy,* 80 N.M. 152, 452 P.2d 486 (Ct.App.1969) states:

Where there is no showing that defendant's personal effects were taken from an area reserved to defendant's exclusive use, and the wife, as a joint possessor of the premises consents to the taking of the personal effects, the consent is valid. See *State v. Johnson* 85 N.M. 465, 513 P.2d 399 (Ct.App.1973). *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974) took a similar approach in holding valid a consent search where "permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected."

Defendant claims the marijuana was found in an area reserved to his personal use. He does not claim that the specific places where the marijuana was found were reserved for his exclusive use; his claim is that when the "wife moved out of the rental property, the entire house was reserved to defendant's exclusive use." We disagree. The fact that property of the wife remained on the premises and the fact that the wife had a key to the premises prevents an inference of "exclusive use".

Defendant also contends that the wife was not a "joint possessor" of the premises because the house was rented and the wife was not paying any rent. We also disagree with this contention. The question of "joint possessor" or "common authority" is not to be determined on the basis of the wife's property interest in the premises. Footnote 7 to *United States v. Matlock, supra,* states:

7. Common authority is, of course, not to be implied from the mere property interest a third party has in the property. The authority which justifies the third-party consent does not rest upon the law of property, with its attendant historical and legal refinements, see *Chapman v. United States,* 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961) (landlord could not validly consent to the search of a house he had rented to another), *Stoner v. California,* 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964) (night hotel clerk could not validly consent to search of customer's room) but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to

recognize that any of the coinhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

Although we have rejected defendant's contentions, we still have the question of what justifies the wife's consent. *State v. Kennedy, supra,* refers to "joint possessor". *United States v. Matlock, supra,* refers to "common authority". The facts in both cases show *occupancy* of the premises searched by the third person consenting to the search; the wife in *Kennedy,* the paramour in *Matlock.* Occupancy, in the sense of the wife's physical presence, was not established by the facts in this case.

Footnote 7 to *United States v. Matlock, supra,* states that the common authority justifying third-party consent rests on "mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right . . . ." There is evidence of mutual use and joint access by defendant and his wife. The word "coinhabitant" however, seems to limit this common authority justification to occupants of the premises searched. If "coinhabitants" means "occupants" we do not base our decision on "common authority" as defined in Footnote 7 to *United States v. Matlock, supra.*

*United States v. Matlock, supra,* states that a valid consent to search may be obtained from one possessing common authority "or other sufficient relationship to the premises". A "sufficient relationship" exists in this case. That sufficient relationship is based on the following: 1. Defendant's wife had a right to occupy the premises. Section 57–3–3, N.M.S.A.1953 (Repl. Vol. 8, pt. 2). 2. The wife had a key to the premises; in the absence of other evidence, the inference is of a right of unrestricted access. See *United States v. Wilson,* 447 F.2d 1 (9th Cir. 1971). 3. The wife did use the residence to some extent—she left property on the premises in which she had a

community property interest, she left her individually owned bedroom set on the premises, she stored a box of her daughter's "things". 4. In light of items 1, 2 and 3, defendant had no reasonable expectation of exclusive authority in the premises. See *State v. Mascarenas,* 86 N.M. 692, 526 P.2d 1285 (Ct.App.1974); *State v. Fitzgerald,* 19 Or.App. 860, 530 P.2d 553 (1974).

With the above relationships, the wife lawfully unlocked the door and entered the premises. Having lawfully entered, she could lawfully invite the police to enter and search for the weapon. *Stein v. United States,* 166 F.2d 851 (9th Cir. 1948).

The wife's consent to search was valid. The order suppressing the marijuana is reversed. The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.