UNITED STATES of America, Appellee,

v.

**Edward TRZASKA,**
**Defendant–Appellant.**

**No. 932, Docket 87–1532.**

United States Court of Appeals,
Second Circuit.

Argued June 14, 1988.

Decided Oct. 17, 1988.

David A. Lewis, The Legal Aid Soc., Federal Defender Services Unit, New York City, for defendant-appellant.

Samuel W. Seymour, Asst. U.S. Atty., New York City (Rudolph W. Guiliani, U.S. Atty., S.D.N.Y., New York City, of counsel), for appellee.

Before OAKES, MESKILL and PIERCE, Circuit Judges.

PIERCE, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Southern District of New York, Inzer B. Wyatt, J., denying appellant's motion to suppress evidence seized pursuant to a warrantless search, and revoking appellant's probation and sentencing him to a total of twenty-five years' imprisonment. For the reasons stated below, we affirm the denial of appellant's motion to suppress and the district court's revocation of appellant's probation. However, because we believe that in imposing sentence the district court may have based its sentence upon improper considerations, we vacate the sentence imposed and remand for resentencing.

## BACKGROUND

On June 22, 1983, appellant Edward Trzaska was convicted on seven counts of illegal receipt of firearms, in violation of 18 U.S.C. § 922(h)(1). On September 7, 1983, the district judge sentenced Trzaska to concurrent three-year terms of imprisonment on Counts One and Two. The court suspended imposition of sentence on Counts Three through Seven and imposed concurrent five-year terms of probation on each count. The judgment of conviction subsequently was affirmed by this Court in a memorandum order dated February 17, 1984. See United States v. Trzaska, 742 F.2d 1442 (2d Cir.1984).

The district judge thereafter reduced the term of imprisonment to two years, pursuant to a Rule 35 motion, but did not alter the terms of probation. At the original sentencing and again when the sentence was reduced, the court specifically made it a special condition of probation that appellant not "possess or obtain, in any way, firearms" during the probationary period.

On October 12, 1987, acting on a tip from appellant's estranged wife, Nassau county police officers conducted a warrantless search of appellant's apartment and seized nineteen weapons. Just prior to the search, the police had obtained the consent of appellant's wife to search the apartment. Although Mrs. Trzaska and her children had moved out of the apartment two weeks earlier, she still possessed an entrance key. She agreed to accompany the police to the apartment and she allowed them to enter. While Mrs. Trzaska collected a few of her children's belongings, the police conducted a search of the apartment. Based on the fruits of this search, a violation of probation charge was filed.

On November 24, 1987, the district court held a hearing on the violation of probation charge. At that hearing, counsel for appellant moved to suppress the weapons seized at appellant's home on October 12th. At the conclusion of the hearing, the court revoked Trzaska's probation, finding that Trzaska had possessed weapons in violation of the special condition of probation which had been imposed concerning firearms. With respect to the suppression motion, the court found that there had been a "valid consent to [the] search," and thus denied the motion.

At appellant's sentencing hearing on December 10, 1987, the district judge noted that appellant had "blighted" the lives of several women, and that he had fathered numerous children over the years. The judge commented: "I raise these matters because it seems to me, with all the leniency that has been shown to Mr. Trzaska over these last several years, he has to be removed from society to eliminate the danger that he poses to women and the danger to society he poses in fathering numerous children." The judge then vacated the suspension of the imposition of appellant's sentence on Counts Three through Seven, and

ordered that appellant serve five consecutive terms of five years' imprisonment on each count.

On appeal, Trzaska contends that the district court erred in denying his motion to suppress the nineteen firearms found in the apartment on October 12, 1987, and also that the court relied on a constitutionally impermissible factor in sentencing him. Appellant also contends that the court violated Fed.R.Crim.P. 32(a)(1) by failing to determine whether he and his defense counsel had an opportunity to read and discuss the presentence investigation report prior to sentencing. For the reasons stated below, we affirm the denial of appellant's suppression motion and the revocation of Trzaska's probation. However, because we believe that appellant has raised valid objections with respect to his sentencing by the district court, we vacate the sentence imposed and remand for resentencing.

## DISCUSSION

### A. *The Suppression Motion*

On appeal, Trzaska urges two reasons why the firearms seized from his apartment should have been suppressed. First, appellant contends that the third party consent to search given by his estranged wife was not voluntary on her part, and that it was the product of a coercive interrogation by Nassau County Police. In the alternative, appellant argues that his wife did not have the authority to consent to the search of his apartment because she was no longer living with him, and had ceased to have "mutual use" or "common authority" over the premises searched. We first consider whether the third party consent to search was valid in this case.

In *Matlock v. United States*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), the Supreme Court confirmed the constitutional validity of "third party consent to search" cases, and held that the consent of someone who possesses common authority over premises sought to be inspected is valid as against the absent, nonconsenting person with whom that authori-

ty is shared. *Id.* at 170–71, 94 S.Ct. at 993. Thus, in any third party consent case, the issue to be resolved is whether the consenting party possessed a sufficient relationship to the searched premises to validate the search. Mutual use of property, or joint access or control of property, is generally sufficient. *Id.* at 171 & n. 7, 94 S.Ct. at 993 & n. 7.

Appellant argues in this case that although the third party who consented to the search was his wife, she did not have adequate authority to consent because she was no longer living with him, and because her desire to pick up a few personal belongings while at the apartment was insufficient evidence of "mutual use." While it is true that the burden is on the prosecution to prove adequate authority by a preponderance of the evidence in third party consent cases, *see Matlock*, 415 U.S. at 177–78, 94 S.Ct. at 996–97, the undisputed evidence in this case is sufficient to justify a finding of such authority. First, Mrs. Trzaska had only recently moved out of the apartment; second, she still possessed a key to the apartment, although she had to retrieve it from her sister in Great Neck, Long Island on the day in question; and third, she did remove some personal belongings from the apartment during the search. We therefore conclude that the district court's finding that Mrs. Trzaska possessed adequate authority to consent to the search of appellant's apartment was not clearly erroneous. *See, e.g., United States v. Crouthers*, 669 F.2d 635, 642–43 (10th Cir.1982) (consent of defendant's wife valid even though she had moved out of apartment two weeks earlier and was living with parents, because she had not abandoned marriage or apartment completely and still retained key to apartment); *United States v. Long*, 524 F.2d 660, 661 (9th Cir.1975) (wife who was joint owner of house had right to give consent even though husband had changed locks, where wife left house out of fear of husband and where she collected personal belongings during the search).

We next consider appellant's contention that Mrs. Trzaska's consent was involuntary because Nassau County Police ob-

tained her signature on a consent-to-search form by interrogating her in a coercive environment and by suggesting to her that she could be prosecuted if she did not sign the consent form. While it is true that consent obtained under such circumstances could be considered involuntary as a matter of law, the threshold determination as to whether such circumstances existed at the time of consent is a question of fact for the district court. *See United States v. Ramirez–Cifuentes*, 682 F.2d 337, 344 (2d Cir. 1982) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973)). Here, an examination of the hearing transcript reveals that the district judge was presented with two completely different versions of how the police obtained Mrs. Trzaska's consent to search the subject premises. According to Police Officer Weber, Mrs. Trzaska signed the consent form freely after repeatedly urging the officers to go to the apartment and seize the weapons because she feared for her children's safety. According to Mrs. Trzaska, the three police officers who visited her at her residence made her feel very "intimidated" and "threatened." However, she concedes that she accompanied the police to the apartment; that she allowed them to enter after opening the entrance door with her key; that she showed the police where her husband kept some of the weapons; and that she retrieved clothes and toys belonging to her children while the officers conducted a search of the apartment.

Finding himself confronted with two different versions of how Mrs. Trzaska's consent was obtained, the district judge had to base his determination as to the voluntariness of her consent primarily upon his in-court assessment of the credibility of the witnesses, which in turn depended substantially upon his judgment of the witnesses' demeanor. Since there was clearly sufficient evidence to support the district judge's finding, we may not conclude that his assessments regarding credibility were clearly erroneous. *See United States v. Zapata–Tamallo*, 833 F.2d 25, 27 (2d Cir. 1987) (per curiam). For these reasons, we affirm the district court's denial of appel-lant's motion to suppress the firearms seized during the October 12, 1987 search.

### B. *Propriety of Sentencing*

With respect to the sentencing issues raised herein, the government favors remand of the case for clarification of sentencing; the appellant urges us to vacate the sentence and to remand for plenary resentencing. The government has appropriately conceded that it would be constitutional error for a court to consider the number of children fathered by a criminal defendant in imposing sentence. The government has also largely conceded that the record is ambiguous with respect to whether the district court ascertained that appellant and his counsel examined the presentence investigation report prior to Trzaska's sentencing. Although the government argues that neither of these possible errors mandates resentencing, we agree with appellant that there is enough room for doubt as to the propriety of the sentence to justify vacating the sentence and remanding for resentencing. Accordingly, in light of the court's inappropriate consideration of appellant's fertile proclivities, and in light of the ambiguity in the record as to whether the district court complied with the requirements of Fed.R. Crim.P. 32(a)(1), we vacate Trzaska's sentence, and remand to the district court for plenary resentencing.

We do not believe, however, as appellant argues, that the case should be remanded to a different judge. A review of the minutes of the December 10, 1987 hearing in which the district judge sentenced appellant reveals that the judge had sufficient legitimate reasons to impose the sentence that he did. Moreover, prior to appellant's violation of the special condition of his probation relating to firearms, the district judge had shown considerable leniency towards the defendant. Therefore, because we believe that there has been no showing that the sentencing judge's "fairness or the appearance of the judge's fairness is seriously in doubt," *United States v. Bradley*, 812 F.2d 774, 782 n. 9 (2d Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 107,

1122

98 L.Ed.2d 67 (1987), we conclude that re-mand to another judge would be inappro-priate at this time and this request is de-nied.

## CONCLUSION

The judgment of the district court deny-ing appellant's motion to suppress and re-voking appellant's probation is affirmed. However, in light of the concerns ex-pressed by both parties as to the propriety of the district court's sentencing, we vacate the sentence as imposed, and remand for plenary resentencing in accordance with this opinion.