The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Richard D. PAYNE, Defendant–Appellant.

No. 90CA1387.

Colorado Court of Appeals, Div. I.

Feb. 13, 1992.

Rehearing Denied June 11, 1992.

Certiorari Denied Nov. 9, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Duane M. Kline, III, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge REED.

Defendant, Richard D. Payne, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of first degree sexual assault of his estranged wife. We affirm.

The sole issue in this appeal is defendant's contention that the trial court erred in denying his motion to suppress items of evidence seized by the police during a warrantless search of the marital home the day after the offense in question. We reject this contention.

Here, the defendant and the victim jointly owned a marital home, but the wife had removed herself and their children from the premises several weeks before the incident in question. During this separation, the victim and the children visited the defendant in the family home on two occasions and at the time of the assault, the victim was in the home with defendant's permission to obtain some of her personal property located therein.

Although dissolution proceedings were contemplated, there was no court order in effect granting the temporary use of the home to either spouse.

On the day following the incident, and after the defendant was in custody, the wife entered the home and gave permission to the police for their search of the premises. Defendant maintains that his wife, the victim, had no authority to consent to a warrantless search of the family home because she had moved out some two weeks before. He argues that, while she shared an ownership interest in the house, she did not act in a manner that demonstrated continuous control or common authority over the premises. We reject defendant's analysis.

A search conducted without a warrant issued upon probable cause is unconstitutional, subject to only a few exceptions. One such exception is a search conducted pursuant to consent freely and vol-

untarily given. *People v. Savage*, 630 P.2d 1070 (Colo.1981).

 Quoting from *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), the court in *People v. Savage*, *supra*, noted: "Common authority is, of course, not to be implied from the mere property interest a third party has in the property ... but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched."

Here, the evidence indicated that the victim and the defendant were joint owners of the house with equal rights of possession to the property. Even though the defendant had changed the locks on the house, the victim's rights to the property were not affected thereby. The wife still had personal possessions located in the home which is one factor in the determination of her common authority over the premises. And, she was retrieving some of those possessions when the charged offense took place.

Under these circumstances, she could properly consent to a search of the premises. *See United States v. Brannan*, 898 F.2d 107 (9th Cir.1990) (wife could consent to search of home in which she was joint owner despite fact that she had recently moved out and husband had changed locks); *United States v. Trzaska*, 859 F.2d 1118 (2d Cir.1988) (actual authority over premises continued where wife had only recently moved out and still was in possession of key for purpose of entering to remove personal belongings); *United States v. Crouthers*, 669 F.2d 635 (10th Cir.1982) (wife could consent even though she had moved out and was living elsewhere, because she had not completely abandoned the marriage, and still had a key to the apartment); *United States v. Long*, 524 F.2d 660 (9th Cir.1975) (estranged wife who was joint owner of premises could authorize search while she was within the house to collect her personal belongings); *State v. Madrid*, 91 N.M. 375, 574 P.2d 594 (1978) (wife authorized to give valid consent even though she was not living at the family residence because property belonging to her, consisting of various personal effects, were still there and both defendant and his wife had keys to the residence). *Cf. Bettuo v. Pelton*, 260 N.W.2d 423 (Iowa 1977) and *State v. Verhagen*, 86 Wis.2d 262, 272 N.W.2d 105 (1978) (where pursuant to order entered in connection with divorce proceedings, spouse's legal right of access to home was for limited purposes only, she had insufficient search consent authority).

Hence, the court correctly refused to suppress the evidence seized in the search.

Judgment affirmed.

PIERCE and TURSI, JJ., concur.