This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37968**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**JASON CORY BARBER,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellant

Twila A. Hoon
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**B. ZAMORA, Judge.**

**{1}** This is an interlocutory appeal brought by the State which challenges a district court order suppressing evidence. The State argues that the district court erred in suppressing items seized during a search of Defendant Jason Cory Barber's personal property because, as a trespasser on the property, Defendant had no standing to challenge the search. We reverse.

**BACKGROUND**

**{2}** The property at issue was a residential home (the Residence) owned by Phaisal Sukhani and his business partner. Prior to September 2017, Sukhani leased the Residence to Michael Silva.[1] Defendant began informally subletting the converted garage from Silva beginning in late July or early August 2017. In September 2017, Sukhani lawfully evicted all tenants from the Residence after serving a three-day notice of nonpayment to "Silva and all unknown occupants[.]" On September 28, 2017, fifteen days after the eviction was complete, Sukhani arrived at the residence, observed movement inside the home, and called the police. When police arrived, Sukhani consented to a search of the Residence, including the converted garage. The search resulted in the seizure of contraband from a black bag and case located underneath Defendant's cell phone and wallet, in the converted garage.

**{3}** The district court found that eviction proceedings were completed on September 13, 2017, that Defendant had no legal right to remain on the property thereafter, and, accordingly, found that Defendant was a trespasser. Based on those findings, the district court concluded that Defendant did not have standing to challenge the search of the converted garage because he "did not have a lawful right to remain on the property[,]" and thus, Defendant was "squatting and/or trespassing."[2] The district court noted that it "was not furnished with any authority in New Mexico contending with the issue of squatter/trespassers rights to challenge a search." Despite finding that Defendant lacked standing to challenge the search, the district court nevertheless addressed the merits of Defendant's claim that the search of the black bag and case constituted an unlawful search and seizure, stating "at issue next is whether Sukhani's actual consent to search the premises extends to the search of the black bag and black case." Relying on *State v. Johnson*, in which this Court recognized that "[a] third party cannot consent to a search of a part of the premises within [a d]efendant's exclusive use and control" 1973-NMCA-119, ¶ 9, 85 N.M. 465, 513 P.2d 399, and that there was no reason to deny the same protection to "effects" as to premises, the district court found that Sukhani's consent to search the premises did not extend to the search of the black bag and black case, even though, unlike the defendant in *Johnson*, Defendant was a squatter/trespasser with no right to be on the premises. The district court ruled that the search was illegal, and suppressed the evidence. The State then filed this interlocutory appeal.

## DISCUSSION

**{4}** The State contends that Defendant's trespasser status precluded him from challenging the search of the Residence and, as a corollary, the search of his effects stored therein. In addition, the State specifically contends that because Defendant failed

---

1Sukhani never leased any portion of the Residence directly to Defendant.
2Although Defendant challenged the lawfulness of the search under the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution, the district court did not specify whether its finding that Defendant lacked standing was made pursuant to the Fourth Amendment to the United States Constitution or Article II, Section 10 of the New Mexico Constitution, or to both.

to establish that he had standing to challenge either search, the district court erred in addressing the merits of his constitutional challenge. We agree.

**{5}** Under both the United States and New Mexico Constitutions, a defendant's rights to be free from unreasonable search and seizure "are personal rights which, unlike some other constitutional rights, may not be vicariously asserted." *State v. Crocco*, 2014-NMSC-016, ¶ 16, 327 P.3d 1068 (internal quotation marks and citation omitted). Because such rights may not be vicariously asserted, a defendant must demonstrate as a threshold matter that they have standing to challenge a search and seizure. *Id.*; *see State v. Van Dang*, 2005-NMSC-033, ¶ 7, 138 N.M. 408, 120 P.3d 830 (characterizing standing as a threshold issue); *see also State v. Silvas*, 2013-NMCA-093, ¶ 9, 310 P.3d 621 ("Standing is a substantive doctrine that identifies those who may assert rights against unlawful searches and seizures." (alteration, internal quotation marks, and citation omitted)).

**{6}** Whether a party has standing is a question of law that we review de novo. *Id.* "[I]t is [the d]efendant's burden to establish evidence of standing in the record." *Crocco*, 2014-NMSC-016, ¶ 23.[3] Here, Defendant has failed to do so. On appeal, Defendant neither alleges nor develops an argument that the district court's ruling, with respect to standing, was in error. Instead, Defendant focuses on the argument that the New Mexico Constitution provides more protection from search and seizure than the United States Constitution and on the fact that the black bag and case belonged to Defendant and not to Sukhani. These arguments miss the mark because they fail to address the threshold issue: whether *Defendant* had standing to object to the search of these effects. *See Silvas*, 2013-NMCA-093, ¶ 9 (noting that a defendant must first establish that they have standing to suppress evidence); *State v. Munoz*, 1998-NMSC-048, ¶ 23, 126 N.M. 535, 972 P.2d 847 (noting that a threshold issue must be established before a court will proceed with analyzing claims and defenses which depend on the outcome of that issue); *State v. Duttle*, 2017-NMCA-001, ¶ 15, 387 P.3d 885 ("For this Court to rule on an inadequately briefed constitutional issue would essentially require it to do the work on behalf of the defendant[,]" which we will not do.); *see also State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254 (reminding counsel that the appellate courts are not required to do their research). Defendant fails to point us to any part of the record showing that he ever contested the district court's finding that

---

3We note that the State, as the appellant, has the burden of raising arguments and issues on appeal. *See* Rule 12-318(A)(4) NMRA (stating "an argument which, with respect to each issue presented, shall contain a statement of the applicable standard of review, the contentions of the appellant, and a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on"). Here, the State raised the issue of standing and its argument is supported by the district court's findings and conclusions regarding Defendant's status as a trespasser and his lack of standing. Thus, this Court had to rely on Defendant's answer brief to ascertain whether there was error in the district court's ruling. *See* Rule 12-318(B) (stating "[a]n answer brief shall conform to the requirements of the brief in chief[.]"); *see also Elane Photography v. Willcock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53. (stating "[t]his Court requires that *the parties* adequately brief all appellate issues to include an argument, the standard of review, and citations to authorities for each issue presented.") (emphasis added)). Because Defendant failed to adequately brief the issue of standing in his answer brief, we are left addressing the issue based solely on the district court's ruling and the State's brief.

Defendant lacked standing, nor does Defendant develop an argument contesting the district court's finding with respect to standing on appeal.[4] This Court will not search the record to find whether an issue was preserved where a defendant fails to refer the Court to the appropriate portions of the record. *State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829. For these reasons, we hold that Defendant failed to meet his burden of demonstrating that there is evidence in the record sufficient to establish that he has standing. Establishing standing was a mandatory prerequisite to addressing Defendant's constitutional arguments. Because the district court found Defendant lacked standing, it should not have addressed Defendant's motion to suppress.

**CONCLUSION**

{7}    We reverse the district court's order granting Defendant's motion to suppress and remand for further proceedings in accordance with this opinion.

{8}    **IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**I CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge, (dissenting).**

**YOHALEM, Judge (dissenting).**

{9}    I respectfully dissent from the majority's holding that Defendant failed to establish standing to challenge the search of his black container and black bag. Contrary to the majority, I understand the district court to hold that, under Article II, Section 10, of the New Mexico Constitution, Defendant had a reasonable expectation of privacy in the contents of the two opaque containers found on a bedside table in premises where he was residing. Even though he was a trespasser in the garage apartment where the containers were found, having been evicted, and for this reason did not have standing to challenge the owner's consent to the search of the premises, my view is that he retained a privacy interest in the content of containers which the district court found he had not abandoned. *See Johnson*, 1973-NMCA-119, ¶¶ 5-10 (requiring a warrant for

---

4The dissent "agree[s] with the majority that [whether Defendant had standing to challenge the search of his effects] was not adequately briefed" and does not explain why this Court ought to reach the merits of Defendant's constitutional challenge given this inadequacy. Dissenting Op. ¶ 10. Defendant provides a sparse argument that the State's standing argument fails to address the difference between the Residence as a whole and the black bag and case. Defendant also argues that any search of the black bag and case pursuant to the consent of Sukhani was illegal because Sukhani lacked any possessory interest in the items. However, Defendant fails to cite to any case law, or to develop an argument explaining why *Defendant* has standing to assert a claim with respect to his personal property located in the converted garage based on this alleged distinction, and we will not address undeveloped arguments on appeal. *See State v. Cain*, 2019-NMCA-059, ¶¶ 24, 27, 450 P.3d 452.

the search of the contents of a closed bag found in the defendant's room, even though the premises were searched with the owner's consent); *see also State v. Crane*, 2014-NMSC-026, 329 P.3d 689 (distinguishing a defendant's expectation of privacy in the contents of an opaque container under the New Mexico Constitution from the expectation of privacy in such containers under the Fourth Amendment to the United States Constitution). In my view, Defendant has standing to assert his right under the New Mexico Constitution to be free from a warrantless search of the contents of the opaque, personal containers at issue in this case. For this reason, I believe that the district court's decision that Defendant had standing was correct and should be upheld. Because the majority holds otherwise, I respectfully dissent.

**{10}** The construction of the New Mexico Constitution under the circumstances at issue here, where Defendant is a trespasser, raises an undecided question under the New Mexico Constitution. I agree with the majority that this question was not adequately briefed and I therefore emphasize the non-precedential nature of this decision and dissent.

**JANE B. YOHALEM, Judge**